No. 11,093.

IN THE MATTER OF THE ESTATE OF RYAN.

RYAN v. RYAN.

Decided October 5, 1925.

Proceeding involving the report of an administrator. Judgment for administrator.

*Affirmed.*

1.  EXECUTORS AND ADMINISTRATORS—*Reports—Appeal.* Action of the district court in dismissing an appeal from the county court involving objections to the report of an administrator, approved, it appearing that no objection had been taken to the final report but only to an intermediate report which was not approved.

2.  *Reports—Approval—Appeal.* Judgment of a county court on an intermediate report of an administrator, if the same is approved, is not a final judgment, and is not appealable.

3.  *Reports—Review.* Corrections by reviewing courts of errors of the county court, if any, in approving acts of an administrator can be made only on review of its final judgment rendered upon a hearing of the final report.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. S. S. ABBOTT, for plaintiff in error.

Mr. J. W. KELLEY, Mr. J. D. KELLEY, for defendant in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THIS is a writ of error to a judgment of the district

court dismissing the objector's appeal from a supposed judgment of the county court entered in the matter of the Estate of Kate Ryan, deceased, denying the objections which he made to an "intermediate" report of the administrator filed in the county court.

The record is indefinite and defective. We shall briefly state the situation as we gather it from the record as certified. The administrator of the estate is the son of the objector James Ryan and his deceased wife. He filed an "intermediate" report of his administration in the county court in January, 1923, to which objections were made by James Ryan, his father, but no ruling thereon was made. Thereafter on March 22, the final report of the administrator came before the court and. was approved with certain corrections and deductions. At least some of the objections which were made by the plaintiff in error here to the "intermediate" report were thereby corrected. The appeal of the objector to the district court was prayed and taken from a supposed order of the county court approving the "intermediate" report. The record before us does not show that the county court ever acted upon or approved the "intermediate", but did approve the final, report. The district court dismissed the appeal because, though assuming it to have been taken from the judgment of the county court approving the final report, that final judgment was not before the court, and no objections thereto had been made or taken, and the only objections urged in the district court were those directed to the "intermediate" report which was not approved. The district court, it seems from this "intermediate" report, did allow the objector appellant to introduce evidence to show, if he could, that there were errors in the final report which the county court approved. This evidence was introduced upon the assumption that the final report would be incorporated in the record of the appeal. This was never done though leave to do so was given. We do not see how we can interfere with the judgment of the district court. If its judgment depends

upon the evidence which was taken by the district court on the above mentioned supposition, we cannot say that the district court's judgment was wrong. Furthermore the final judgment is not in the record. For another reason we cannot interfere. The judgment of the county court on the "intermediate" report, if the same was approved, was not a final judgment and not appealable. The entire matter was in the breast of the county court until the administrator's final report was filed and approved. Correction by the district, of errors of the county, court, if any, in approving the acts of the administrator, can be made only in a review of its final judgment rendered upon a hearing on the final report. The judgment of the district court, is, therefore, affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE SHEAFOR concur.