OVAITT v OVAITT

1. DIVORCE—CHILD SUPPORT—COLLEGE EXPENSES.

    A court may validly order either parent in a divorce action to pay the reasonable college expenses of a minor child after the child reaches 18 but not after he reaches 21 (MCLA 552.17a).

2. DIVORCE—PROPERTY AGREEMENT—SUPPORT AGREEMENTS—MODIFICATIONS.

    Property settlement agreements which are incorporated in the judgment of divorce cannot be set aside except for fraud, duress, mutual mistake, or comparable reasons, while support agreements are subject to court modification.

3. DIVORCE—CHILD SUPPORT—COLLEGE EXPENSES—STATUTORY AUTHORITY.

    A court, acting under the statutory authority providing for support of minor children, has jurisdiction to make an order or judgment for support and college expenses for the children of the parties to a divorce who are minors at the time of entry of such order or judgment, and to provide that payments shall continue under the order or judgment beyond the minority of the children (MCLA 552.17a).

4. DIVORCE—CHILD SUPPORT—ENFORCEMENT—CONTEMPT PROCEEDINGS.

    The terms of a valid support and college expense provision of a divorce judgment entered during the minority of the child and extending to a period beyond the minority are enforceable by contempt proceedings even though the child has reached majority (MCLA 552.151).

Appeal from Genesee, John W. Baker, J. Submitted Division 2 February 10, 1972, at Lansing. (Docket No. 11087.) Decided November 27, 1972.

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 4] 24 Am Jur 2d, Divorce and Separation § 832.

[2] 24 Am Jur 2d, Divorce and Separation § 443.

Complaint by Myron R. Ovaitt against Elaine J. Ovaitt for divorce. Defendant counterclaimed for divorce. Judgment for defendant on the counterclaim. Motion to modify judgment granted for plaintiff. Defendant appeals. Reversed and remanded.

*Richard J. Behm,* for plaintiff.

*John M. Wright,* for defendant.

Before: McGREGOR, C. J., and LEVIN and TARGONSKI,* JJ.

TARGONSKI, J. We are faced here with a novel question which apparently has never been decided on the precise point in Michigan. Can the circuit court enforce against the husband, by contempt proceedings, provisions in a judgment of divorce which require the husband to provide support (including college expenses) for his children after said children reach age 21, where the challenged provision was incorporated verbatim into the judgment from a written stipulation and property settlement agreement voluntarily executed by the parties prior to their divorce?

The defendant and cross plaintiff will hereafter be referred to as the defendant. The plaintiff and cross defendant will hereafter be referred to as the plaintiff.

A judgment of divorce was awarded to the defendant. The judgment which was entered on August 31, 1965, incorporated verbatim the terms of a written stipulation and property agreement entered into by the parties. The pertinent provision of the judgment which constitutes the gravamen of

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

this appeal of right from an order of January 7, 1971, amending the judgment of divorce, provided as follows:

"B. It is further ordered and adjudged that when the cross-defendant's obligation to support Wendy J. Ovaitt and Myron M. Ovaitt terminates as described in subparagraph A hereof, the said cross-defendant shall pay to the cross-plaintiff, through the office of the Friend of the Court for Genesee County, Michigan, for the support and maintenance of Wendy J. Ovaitt and Myron M. Ovaitt while attending college as follows: the sum of one hundred ($100.00) dollars for each child, on the first day of each term or semester of college, and in addition thereto, the sum of one hundred ($100.00) dollars for each child, on the first day of each month that said child is in attendance at an accredited college or university; provided, however, that this provision shall limit the cross-defendant's obligation for support to a total of three (3) terms per year, if said college is on a term basis, or two (2) semesters per year, if said college is on a semester basis. Said support payments as heretofore described shall continue so as to provide four (4) years of college for each child. Thereafter, the cross-defendant shall be relieved of all obligations to support said children. Said support payments shall include the defrayment of ordinary health expenses incurred in behalf of Wendy J. Ovaitt and Myron M. Ovaitt."

The parties agree that at the time the stipulation was entered, plaintiff knew that the children would be more than 21 years of age by the time they completed four academic years of college.

Wendy became 21 years old on February 23, 1970, and plaintiff refused to pay her educational expenses subsequent to such birthday. On May 12, 1970, plaintiff filed a motion to terminate his support as to Wendy J. Ovaitt. Defendant responded with a motion to require plaintiff to comply with the above-cited provision of the divorce

judgment relating to the payment of Wendy's college expenses after her twenty-first birthday.

No testimony was taken with respect to either motion as the parties submitted the issue to the court on stipulated facts. The order amended the judgment of divorce by terminating plaintiff's obligation to pay college expenses incurred by his children after the age of 21 years.

The statutes primarily relevant to the case at bar provide:

"Sec. 17a. The court shall have jurisdiction in making such order or judgment relative to the minor children of such parties as authorized in this chapter to award custody of each child to 1 of the parties or a third person until each child has attained the age of 18 years and may require either parent to pay such allowance as may be deemed proper for the support of each child until each child shall have attained that age and may in case of exceptional circumstances, require payment of such allowance for any child after he attains that age. However, on application for modification of a judgment or order where applicant is in contempt, for cause shown, the court may waive the contempt and proceed to a hearing without prejudice to applicant's rights and render a determination on the merits." MCLA 552.17a; MSA 25.97(1).

"Sec. 151. In any suit for divorce or separate maintenance where an order or decree for payment of temporary permanent alimony, or of support and maintenance for minor children, has been made, and where the party, plaintiff or defendant, has appeared in person or by attorney or has been personally served with process within the jurisdiction of the court making such order or decree, such court may punish, by fine and imprisonment or both, any neglect or violation of such order upon petition of the party whose rights thereunder may have been impaired, impeded or prejudiced by such neglect or violation." MCLA 552.151; MSA 25.151.

Michigan case law interpreting the first statute

quoted above has concluded that a court may validly order reasonable college expenses to be paid after a minor child reaches 18 but not after he reaches 21. *Johnson v Johnson,* 346 Mich 418 (1956); *Davis v Davis,* 8 Mich App 104, 109 (1967). As stated by this Court in the latter case:

"An amendment requiring the father to pay all or part of an unanticipated health expense, to continue support and to pay reasonable college expenses after the minor child reaches 18 years of age but not beyond the child's majority is within the authorized discretion of a court."

The parties are in accord that in the absence of a specific agreement between husband and wife providing for support payments beyond a child's majority, a court is without authority to order post-majority support payments *sua sponte,* and any order or decree purporting to do so is invalid. In fact, defendant's brief states:

"It is conceded, absent a written stipulation incorporated in the judgment of divorce, *Johnson* would control. In the instant case, however, the basis of the judgment requiring the husband to provide a college education for his child is his voluntary written promise."

The question, therefore, is not whether a court has *sua sponte* power to impose a duty of support for children older than 21, but rather whether the agreement between the parties providing for post-majority support, which is incorporated into the divorce judgment, serves to provide the court with enforcement power which it would not have in the absence of such agreement. This is the specific point upon which the parties in the instant case disagree and is also the question which has not

been specifically answered in prior Michigan decisions.

In *Maslen v Anderson,* 163 Mich 477, 481–484 (1910), at the suggestion of the defendant, a provision was incorporated in the decree whereby the defendant was required to pay a specific sum to each of his children at the age of majority. The Supreme Court declared the provision invalid and stated:

"[W]e are of [the] opinion [that the provision] cannot be sustained, and must be held to be invalid, for the reason that the court had no jurisdiction to make such order, or create such lien, even by the oral consent of said [defendant].

\*     \*     \*

"It is a recognized doctrine that parties cannot confer jurisdiction over a subject-matter by their consent, upon courts from which the law has withheld it.

\*     \*     \*

"So we are constrained to hold that, notwithstanding the consent of [defendant], those portions of the decree above pointed out were void and of no effect for want of jurisdiction in the court to make the same."

In *Rex v Rex,* 331 Mich 399, 409 (1951), the divorce decree required the plaintiff to form trusts for the benefit of his three sons, two of whom were then over 21 years of age, and one of whom was approaching majority. The Michigan Supreme Court invalidated these provisions stating:

"All of said provisions in the decree requiring the setting up of trusts for appellant's property are illegal and void and must be deleted. The jurisdiction of the court in divorce cases is circumscribed by statute and there is no such authority vested in the court in granting a divorce as has been thus attempted.

"Jurisdiction in divorce proceedings is strictly statutory. The court cannot decree payment direct to chil-

dren upon their reaching majority, or even during minority, or create a lien for such payment. We have held that provisions in a divorce decree, even by consent, providing payment of a sum to the wife's mother and sums to the children at majority, are void."

Defendant places considerable reliance on *Newton v Battle Creek Bank,* 324 Mich 344 (1949). However, the trial court distinguished this case from *Newton* on the ground that in *Newton* a trust agreement was involved and the terms of same were fully executed before the suit began except for turning over of the trust corpus to the beneficiary when he reached age 30. The *Newton* court treated the provision there challenged as a property settlement agreement. When incorporated in a judgment of divorce, property settlement agreements cannot be set aside except for fraud, durress, mutual mistake, or comparable reasons. *Ferrera v Ferrera,* 16 Mich App 661 (1969). Support agreements such as the one involved in this case, however, are subject to court modification.

In the absence of Michigan decisions, several cases from other jurisdictions have been cited as authority. We deem *Robrock v Robrock,* 167 Ohio St 479; 150 NE2d 421 (1958), most worthy of analysis because of its recent date and the fact that it is most closely in point with the case at bar. Further, Ohio's applicable statutes in this respect are similar to ours.

The Ohio Supreme Court by a four to three decision in that case held that where a husband agreed to pay college expenses and insurance premiums for his children and the agreement was incorporated into a divorce decree, said decree was binding upon the husband even though the required performance might extend beyond the chil-

dren's minority. Further, the decree could be en-
forced by the court even though the court, in the
absence of an agreement between parties, would
not have had the power to make the decree.

The minority in *Robrock* stated (pp 491–492; 150
NE2d 430):

"But, even where an agreement exists, may a court
properly make an order concerning insurance such as
was made in the instant case? I do not think so. It is
axiomatic that 'parties cannot by agreement clothe the
court with jurisdiction it does not possess.'

\* \* \*

"Putting the proposition a little differently, the sup-
port and maintenance of children while they are minors
is the only obligation with which a father may lawfully
be charged. A court, therefore, exceeds its jurisdiction
by imposing additional obligations, such as the require-
ment that insurance be maintained for the benefit of
the children for an indefinite period which might well
extend far beyond their minority. An order of that sort
would result in the expansion of the statutes relating to
support and maintenance much further than their obvi-
ous scope and purpose."

The majority opinion (p 487; 427–428), on the
other hand, reads in part as follows:

"It is entirely possible, perhaps probable, that a wife
may be willing to give up, by way of agreement with
her husband, much to which she would be entitled in
consideration of the husband doing more than he might
be required to do for their children. To disregard such
agreements when incorporated in a divorce decree, at
least so far as the power of the court to enforce them is
concerned, would discourage the settlement of differen-
ces between husband and wife or reduce such agree-
ments, when made, to cloaks to be put on or shed at
will.

"A trial court, even though satisfied in every respect
as to the fairness of an agreement, in considering the

incorporation of that agreement in a divorce decree, should not be required to separate items in the agreement that the court has the present power to enforce from those it does not have the power to enforce and include in the decree only the former. Nor should such court be required to find itself in the position of saying to a wife, 'Now, of course, the obligations you assume, being such as I have the power to impose, will be enforced against you, but this court will not be able to enforce the obligations your husband is here assuming because I do not have the power to impose them.' "

The above poignant quotation is quite likely applicable to the instant case as well, since it may be safely assumed that defendant in this case surrendered some rights as bargained-for consideration for plaintiff's post-majority support agreement. Thus, the equities in the case at bar lie with the defendant, and a purely result-oriented philosophy would require a disposition of the instant case in a manner achieved in *Robrock.* Such a result would have the salutary effect of permitting the defendant in this case to recover directly without resorting to a separate action in contract or in *quantum meruit,* thus obviating circuity of action. Also, there is at least a possibility that defendant may not even have an independent basis to support her separate cause of action. This would result under the theory that where the court adopts an agreement of the parties regarding alimony or support, the agreement may merge in the judgment and will not then support an independent action, 24 Am Jur 2d, Divorce and Separation, § 907, p 1030, where we read:

"A divorce court, if it is bound to abide by a valid separation agreement or property settlement, or if not so bound, desires to give effect to the agreement, has the power to incorporate it in the divorce decree or base the decree on its provisions, even though the court

would not, in the absence of an agreement of the parties, have the power to make the decree that results from the incorporation of the agreement or the application of its provisions."

The general rule is stated in 27B CJS, Divorce, § 319(4), p 610, as follows:

"The husband may, by agreement incorporated in the divorce decree * * * become obligated to provide a college education for his children even though the performance required by the decree may extend beyond the minority of the children."

The Supreme Court in *Yedinak v Yedinak,* 383 Mich 409, 412–413 (1970), states that "the jurisdiction of circuit courts and chancery in this state, in divorce proceedings is strictly statutory". It went to considerable pains to discuss all of the bases on which third persons claiming an interest in property involved in a divorce decree might be proper parties to such action. In his opinion, Justice ADAMS in that case presented an extensive résumé of the leading cases in Michigan on the question of third parties joining in divorce proceedings and the inability to confer jurisdiction by agreement.

It is important to note that in the *Maslen* case the proposal was for a payment direct to the child at majority. In *Rex* there was not only a provision for payment direct to the children upon reaching majority and making provision for two who had already attained majority, but there was the additional question of creation of a trust for the benefit of the children. There is no statute conferring jurisdiction on the court over the subject matter in those two cases. In the case at bar the statute does authorize support and other payments for the benefit of children when they are minors at the time of the entry of the given judgment or order.

Extension of time for support based on agreement of the parties is neither *malum in se* nor *malum prohibitum.*

As we read MCLA 552.17a; MSA 25.97(1), we believe that the court has jurisdiction to make an order or judgment for support and college expenses for the children of the parties who are *minors at the time of entry of such order or judgment.* We find no statutory prohibition against continuing such order or judgment provisions for support and other benefits beyond minority. Further, we believe in the present technological age in which we live that it is not unreasonable to extend support to include provisions for a college education for the minor children of the parties even though such requirement would extend beyond the children's minority. Having reached that conclusion, we believe that the provisions of the judgment of divorce as originally entered by the court providing for support and college expenses to a completion of the college education, even though it would extend beyond the children's minority, was a valid exercise of the court's discretion and within its power under the statutory authority allowing such provision for minor children.

Under the facts of this case, where the parties entered into an agreement that was incorporated by the court in its judgment, and the parties concede they knew at the time that the terms were not subject to performance fully within the minority of the children, it would be an invitation to chaos to hold that such provision was not enforceable. It would permit parties to divorce actions to play fast and loose with the court and with the other parties to the action by entering into agreements which they had no intention of performing.

Plaintiff's conduct indicates a deliberate and willful misrepresentation to the court and opposing party at time of agreement and entry of judgment with respect to post-minority expenses of the children. As a matter of public policy, this should not be permitted and the parties should be required to live up to the terms of their voluntary agreement. The judgment entered here pursuant to the agreement of the parties did not violate the statute in that, at the time of its entry, the children were minors.

Having reached the conclusion that the support and college expenses provision as originally entered in the judgment was proper, we take another look at MCLA 552.151; MSA 25.151, which deals with the enforcement of support provisions of a judgment of divorce. The language of this section also indicated that if the order was entered during the minority of the child that its terms are enforceable by contempt proceedings. We see no bar or prohibition to such enforcement in any of our statutes nor in the cases decided thus far.

For the reasons cited above herein we reverse and remand for further proceedings consistent with this opinion.

All concurred.