*In re* LONG ESTATE

FERGUSON v LONG

Docket No. 78-3350. Submitted January 16, 1980, at Lansing.—Decided August 11, 1980.

Robert V. Long, Sr., deceased, was divorced from his wife, whose name is now Mary Lou Ferguson. In the divorce, an agreed property settlement provided for child support of $18 per week per child to be paid by Mr. Long. It further provided that Mr. Long would "designate the minor children, Robert Vernon Long, Jr., Theresa Long, Rodney Long, and Victoria Long, as the beneficiaries of his policy of life insurance with his place of employment" irrevocably until his support obligation shall have terminated. Mr. Long died without having complied with that order, his ex-wife being the designated beneficiary. Shortly after their father's death, the children began receiving social security benefits of $150 per month per child. The insurance company commenced an interpleader action, and the Genesee Circuit Court awarded the impleaded insurance proceeds to Mrs. Ferguson as guardian of the minor children. Prior to her receiving the funds, Robert V. Long, Jr., attained the age of majority. Some months later, Mrs. Ferguson applied to the Genesee County Probate Court for approval of her first annual accounting as guardian. Robert V. Long, Jr., objected, claiming entitlement to 1/4 of the insurance proceeds less allowable

REFERENCES FOR POINTS IN HEADNOTES

[1] 59 Am Jur 2d, Parent and Child §§ 69-71.

73 Am Jur 2d, Support of Persons §§ 7, 14.

Power of court to modify decree for support of child which was based on agreement of parties. 61 ALR3d 657.

[2] 59 Am Jur 2d, Parent and Child § 56.

Adequecy of amount of money awarded as child support. 1 ALR3d 324.

Excessiveness of amount of money awarded as child support. 1 ALR3d 382.

Income of child from other source as excusing parent's compliance with support provisions of divorce decree. 39 ALR3d 1292.

Power of court to modify decree for support of child which was based on agreement of parties. 61 ALR3d 657.

expenses. The court, Harold E. Resteiner, J., denied Long's claim, and allowed some of Mrs. Ferguson's expenditures but disallowed others, made apparently for the benefit of her elder daughter, as being extravagant in light of the purpose of the insurance fund and the social security benefits available for the children's support. Mrs. Ferguson was ordered to repay the disallowed expenditures in installments and to distribute the residue of the fund to the children in equal shares at the majority of the youngest child. Both parties appealed. The Genesee Circuit Court, Thomas C. Yeotis, J., reversed as to the disbursement to Long and affirmed the disapproval of Mrs. Ferguson's application of the insurance proceeds. It ordered that each child's expenses be deducted from a separate 1/4 of the fund, with the child's remaining "credit" turned over to the child at majority. Mrs. Ferguson appeals by leave granted. *Held:*

1. The parties to a divorce may agree to child support obligations in excess of those a court would have authority to impose upon an unwilling parent. The agreement to name the children as beneficiaries was enforceable.

2. The probate court properly took the social security benefits to each child into account in disallowing the expenditures.

3. The probate court properly decided all issues.

Affirmed in part and reversed in part.

1. PARENT AND CHILD — SUPPORT — CONTRACTS — ENFORCEABILITY.

Child support obligations to which the parties have agreed are enforceable even though they extend beyond the authority of the court to impose them upon an unwilling party.

2. PARENT AND CHILD — SUPPORT — SOCIAL SECURITY BENEFITS.

A child support obligation may properly be reduced when the child becomes entitled to social security benefits on the parent's account where the net effect is to preserve a fund created by that parent for the benefit of the child.

*Parker, Buckley & Smith,* for Mary Lou Ferguson.

Before: BEASLEY, P.J., and D. E. HOLBROOK, JR., and R. E. ROBINSON,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

R. E. Robinson, J. Robert V. Long, Sr., was divorced from Mary Lou Ferguson (then Long) on April 9, 1973. Robert V. Long, Jr., is the eldest child of that marriage. In the divorce, an agreed property settlement became part of the judgment, providing for child support of $18 per week to be paid to Mrs. Ferguson for each child remaining under the age of majority. The agreement also provided:

"That as further support for said minor children, the Defendant, Robert Vernon Long, shall forthwith irrevocably designate the minor children, Robert Vernon Long, Jr., Theresa Long, Rodney Long, and Victoria Long, as the beneficiaries of his policy of life insurance with his place of employment, and he shall continue said minor children as the irrevocable beneficiaries of such policy until such time as his obligation to support such minor children, as hereinbefore provided, shall have terminated, or until the further Order of the Court. The Defendant, Robert Vernon Long, shall, within sixty days from the granting of the Judgment of Divorce, furnish the office of the Friend of the Court for Genesee County, Michigan, with proof of his compliance with this provision."

Robert V. Long, Sr. (hereinafter, the father), died on April 17, 1974, and soon thereafter Mrs. Ferguson began receiving social security benefits for each of their minor children in the amount of $150 per month, later increased to $164 per month. The father had not complied with the divorce judgment, and his ex-wife was left the designated beneficiary of the life insurance policy. The father's estate laid claim to the proceeds of the policy, and the insurer interpleaded all interested parties. Mrs. Ferguson made claim to the proceeds on behalf of the father's children and

prevailed on December 5, 1975, the judgment providing:

"NOW THEREFORE, IT IS ORDERED, that the proceeds of the Metropolitan Life Insurance Policy, which the Plaintiff has paid into the Clerk of the Genesee County Circuit Court, be paid over to the Defendant, Mary Lou Long, as Guardian of Robert V. Long, Jr., Theresa Long, Rodney Long, and Victoria Long, minor children of Robert V. Long, Deceased."

Robert Long, Jr., attained his majority on December 22, 1975. Shortly thereafter, Mrs. Ferguson received the $10,000 payment due under the policy. In a few months, she spent nearly $4,000 from that fund.

On July 13, 1976, Mrs. Ferguson applied to the probate court for approval of her "first annual accounting" as guardian of her minor children. Mr. Long objected to the accounting and demanded that Mrs. Ferguson be ordered to pay him 1/4 of the insurance proceeds less properly allowable expenses, a net sum of $2,267.50. This claim was denied, the court ruling that the proceeds of the father's insurance were intended by the divorce judgment to be held as a common fund for the sustenance of the minor children to whom ran the father's support obligation.

Of the sum Mrs. Ferguson had drawn from the insurance proceeds, the court allowed expenditures for attorney fees, some medical expenses, a guardian's bond and some clothing, but disallowed $2,738.30 in other expenditures, most made apparently for the elder daughter, as extravagant in light of the purpose of the insurance fund and the social security benefits available for the children's support. Mrs. Ferguson was ordered to repay that amount in installments. It was ordered that the

residue of the fund remaining at the majority of the father's youngest child was to be distributed in equal parts to the four children.

Both parties appealed to the circuit court, which reversed as to the disbursement to Mr. Long and affirmed the disapproval of Mrs. Ferguson's application of the insurance proceeds. It ordered that each child's expenses be deducted from a separate 1/4 of the fund, with the child's remaining "credit" to be turned over to the child on majority. We granted Mrs. Ferguson's delayed application for leave to appeal. Mr. Long has filed no responsive brief.

It was Mr. Long's claim in the lower courts that the judgment of divorce vested in each child a separate 1/4 interest in the proceeds of his father's insurance policy and that he, receiving no support from the fund while a minor, was entitled to have it in cash when Mrs. Ferguson received the money. Mrs. Ferguson asserted that the judgment linked the insurance and its proceeds to the father's obligation to support his children through their minority and that the insurance proceeds should be held for the benefit of the minor children as a class, with no child of any age entitled to a divisible portion.

Much of Mrs. Ferguson's argument relies on the rule that in the absence of "exceptional circumstances" a court entering judgment of divorce cannot order a parent to support an adult child. MCL 552.17a; MSA 25.97(1), *Gray v Independent Liberty Life Ins Co,* 57 Mich App 590; 226 NW2d 574 (1975). She contends that this limitation renders Mr. Long's interpretation of the divorce judgment illegal. In this Mrs. Ferguson has overlooked another principle, set forth in *Gray* itself and in *Ovaitt v Ovaitt,* 43 Mich App 628; 204 NW2d 753

(1972), making enforceable child support obligations to which the parties have agreed that would be beyond the authority of the court to impose upon an unwilling parent. The judgment in the divorce of Mrs. Ferguson and the father was the product of such a settlement, and we are therefore not constrained in our interpretation of the insurance provision by the limitations advanced by Mrs. Ferguson. We are confronted by what is at bottom a problem in contract interpretation, in which our task is to ascertain the intention of the parties from the language they have employed.

The paragraph of the judgment setting forth the insurance requirement immediately follows a provision for support of the children through their minority. The insurance was designated as "further support of said minor children" and was to be maintained in effect only until the youngest child reached his majority. The provision quite notably treats the children as a group and does not provide for piecemeal redesignation of beneficiaries as the children singly come of age. The placement and terms of this provision demonstrate to us an intent on the part of the parties to the divorce to ensure a source of support for the children through the minority of each. Necessarily, the minority of the younger children is longer than that of those who are older, and they may be expected to require greater sums for their sustenance before entering adulthood. A partitioning of the fund and payment of a per capita share of it to a single adult child is entirely at odds with the intent demonstrated by the provision.

The second issue raised in this case involves the disallowance of a substantial part of Mrs. Ferguson's expenditures from the insurance fund. This decision was based largely on the fact that from

the time of the father's death until her receipt of the insurance money following the interpleative proceedings, Mrs. Ferguson had apparently succeeded in meeting the needs of the minor children from the social security payments she received on their account. In the few months following that period, she spent nearly $4,000 from the proceeds, and was unable to convince the probate judge that the social security benefits were inadequate for the support of the children. Three-fourths of these expenditures were disallowed as being in derogation of her duty to preserve the fund for future needs of the younger children. We find no abuse of discretion in this action. While our courts apparently have not passed on the question, the courts of other states have held that a child support obligation may be reduced when the children become entitled to social security benefits on the parent's account. See *e.g., Joachim v Joachim,* 57 App Div 2d 546; 393 NYS2d 63 (1977). We believe that the principle in these cases is a proper one to apply in the accounting involved here, for it effectuates the "substitute support" purpose of the divorce judgment and preserves the none-too-plentiful insurance proceeds for all the children.

Accordingly, we reverse the judgment of the circuit court as to the disbursement of money to Mr. Long and reinstate the judgment of the probate court on that matter. As to Mrs. Ferguson's obligation to repay the disallowed expenditures, the judgment of the circuit court is affirmed.

No costs, neither party having prevailed in full.