## WAGNER v WAGNER

Docket No. 49609. Submitted January 6, 1981, at Grand Rapids.—
    Decided April 10, 1981.

Plaintiff, Betty L. Wagner, and defendant, John L. Wagner, were
    divorced in 1974. Prior to entry of judgment, the parties ex-
    pressly stipulated that child support would be payable weekly
    until the minor children attained the age of 18 years or
    completed high school, whichever would be the last to occur.
    The judgment of divorce granted custody of the children to
    plaintiff and incorporated the stipulation as to the support
    payments with the added provision that the agreement could be
    changed upon further order of the court. Plaintiff, in 1979,
    petitioned the Cass Circuit Court for modification of the child
    support order. An increased amount of support was agreed to
    by the parties and the court ordered the increased payments on
    the same conditions as before, James E. Hoff, J. Defendant
    appeals from that order, raising the question of whether a trial
    court may order payment of child support beyond the age of
    majority on the basis of the parties' voluntary stipulation to
    that effect. *Held:*

Although a trial court has no jurisdiction to order the pay-
    ment of any benefits or child support beyond the age of major-
    ity, where there is a voluntary and specific agreement between
    the parties that payment will continue beyond the age of
    majority, the court may incorporate the agreement into the

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 4 Am Jur 2d, Appeal and Error § 135.
    24 Am Jur 2d, Divorce and Separation § 423.
[2] 4 Am Jur 2d, Appeal and Error § 355.
    5 Am Jur 2d, Appeal and Error § 868.
[3] 4 Am Jur 2d, Appeal and Error § 137.
    5 Am Jur 2d, Appeal and Error § 868.
    24 Am Jur 2d, Divorce and Separation §§ 846, 847.
    Power of court to modify decree for support of child which was
        based on agreement of parties. 61 ALR3d 657.
[4, 5] 24 Am Jur 2d, Divorce and Separation §§ 845, 855.
[5] 24 Am Jur 2d, Divorce and Separation § 832.
    College responsibility of noncustodial divorced parent to pay for, or
        contribute to, costs of child's college education. 99 ALR3d 322.

judgment or support order. There is no statutory prohibition against continuing these provisions beyond minority. This is a valid exercise of the court's discretion and is within its power under the statutory authority allowing such provision for minor children.

Affirmed.

1. APPEAL — DIVORCE — MODIFICATION OF DECREE — DE NOVO REVIEW.

Appellate review of divorce decree modifications is *de novo.*

2. APPEAL — DIVORCE — MODIFICATION OF DECREE — TRIAL COURT FINDINGS.

An appellate court, in reviewing a modification of a divorce decree, is not precluded from giving grave consideration to findings made by the trial court notwithstanding that such appellate review is *de novo.*

3. APPEAL — DIVORCE — CHILD SUPPORT — ABUSE OF DISCRETION.

The Court of Appeals will not disturb a child support order once it has been entered unless a clear abuse of discretion is proved.

4. COURTS — DIVORCE — CHILD SUPPORT — JURISDICTION TO ORDER CHILD SUPPORT BEYOND AGE OF MAJORITY.

A trial court has no jurisdiction to order the payment of any benefits or child support which would extend beyond the time the child reaches the age of majority absent a specific agreement between the parties to such effect.

5. DIVORCE — CHILD SUPPORT — EDUCATIONAL EXPENSES — VOLUNTARY AGREEMENT — INCORPORATION INTO JUDGMENT.

The incorporation into a judgment of divorce of a voluntary agreement between the parties whereby the payment of child support and educational expenses of the children will continue beyond the age of majority is a valid exercise of the court's discretion and within its power under the statutory authority allowing such provision for minor children.

*Daniel H. French,* for plaintiff.

*Stancati & Marovich, P.C.,* for defendant on appeal.

Before: ALLEN, P.J., and J. H. GILLIS and D. F. WALSH, JJ.

PER CURIAM. Defendant appeals as of right from an order modifying a judgment of divorce as to support.

The parties were divorced on April 30, 1974. At that time they had twin sons born June 7, 1967. Prior to entry of judgment, the parties expressly stipulated that child support "shall be * * * payable weekly, until said children attain the full age of eighteen years, or complete high school, whichever is the last to occur". The judgment of divorce awarded custody of the minor children to the mother and provided for support for each child until the "age of eighteen years, or complet[ion of] high school, whichever is the last to occur," or until the further order of the court.

On April 4, 1979, plaintiff filed a petition seeking modification of the child support order. The parties expressly agreed as to the amount of the increased child support. Consistent with the parties' stipulation and the judgment of divorce, the court ordered defendant to pay the increased amount of support until the children attain "the age of eighteen years or graduate from high school, whichever shall occur last," or until further order of the court.

A precise statement of the question raised on appeal is whether a trial court may order payment of child support beyond the age of majority on the basis of the parties' voluntary stipulation to that effect. Clearly, the most recent order was consistent in that regard with the predivorce stipulation and the judgment of divorce.

Appellate review of divorce decree modifications is de novo. *Eigner v Eigner,* 79 Mich App 189; 261 NW2d 254 (1977). However, this standard does not preclude the reviewing court from giving "grave consideration" to findings made by the trial court.

*Hensley v Hensley,* 357 Mich 3, 5; 97 NW2d 615 (1959). Once a child support order has been entered, this Court will not disturb it unless a clear abuse of discretion is proved. *Hagbloom v Hagbloom,* 71 Mich App 257; 247 NW2d 373 (1976), *Cullimore v Laureto,* 66 Mich App 463; 239 NW2d 409 (1976).

Defendant argues in support of his appeal that *McNames v McNames,* 93 Mich App 477; 286 NW2d 892 (1979), requires reversal of the lower court's order. In *McNames,* the parties' 1964 divorce decree ordered defendant to pay child support until the children reached 18 years of age or until further order of the court. *Id.,* 478. In 1977, plaintiff petitioned for, *inter alia,* the continuation of child support payments until each child reached the age of 18 or graduated from high school, whichever last occurred. The trial court granted this request. On appeal to this Court, however, the trial court's decision was reversed in pertinent part as follows:

"It should also be noted that in *Price [v Price,* 395 Mich 6; 232 NW2d 630 (1975)] the Supreme Court made specific reference to a prior voluntary agreement to continue support between the parties. We deem this to be of significance because, in our review of those reported cases where support was allowed to be continued, we have noted that in each there was either a prior agreement *(Price, supra),* or some form of reservation for future support in the original judgment of divorce, *Barbier v Barbier,* 45 Mich App 402; 206 NW2d 464 (1973), *Milbrand v Milbrand,* 66 Mich App 730; 239 NW2d 730 (1976). See also Anno: *Statutory Change of Age of Majority as Affecting Pre-Existing Status or Rights,* 75 ALR3d 228, especially § 7, pp 256-259.

"Here, there was neither an agreement nor any reservation for future support beyond age 18. Further, as in *Allen v Allen,* 63 Mich App 475; 235 NW2d 22 (1975), the instant petition was filed well beyond the

effective date of the Age of Majority Act. We therefore conclude that the trial court was without authority to extend support in this case. We deem this result not necessarily desirable, but required." *McNames, supra,* 481.

*McNames* is not on all fours with the case at bar. Here, the within defendant *voluntarily stipulated* that he would pay support until his sons reached the age of 18 or completed high school, whichever last occurred. This fact is crucial to the case.

In *Ovaitt v Ovaitt,* 43 Mich App 628, 629; 204 NW2d 753 (1972), the parties' judgment of divorce, entered August 31, 1965, "incorporated verbatim the terms of a written stipulation and property agreement entered into by the parties". One of these terms was plaintiff's obligation to pay child support until the children completed college. At the time the stipulation was entered, plaintiff knew that the children would be beyond the age of majority by the time each completed college. Shortly after plaintiff's daughter reached the age of majority, plaintiff declined to continue paying her educational expenses, and defendant moved to enforce that obligation. The trial court denied the motion and amended the judgment of divorce so that plaintiff need not pay educational expenses for either child after the age of majority. *Id.,* 630-631.

After reviewing Michigan authority which clearly held that a trial court has no jurisdiction to order the payment of any benefits or child support after the child reaches the age of majority absent a specific agreement by the parties to such effect, this Court considered whether a prior agreement between the parties should alter this rule.

The conclusion reached by this Court provided in pertinent part as follows:

"As we read MCL 552.17a; MSA 25.97(1), we believe that the court has jurisdiction to make an order or judgment for support and college expenses for the children of the parties who are *minors at the time of entry of such order or judgment.* We find no statutory prohibition against continuing such order or judgment provisions for support and other benefits beyond minority. Further, we believe in the present technological age in which we live that it is not unreasonable to extend support to include provisions for a college education for the minor children of the parties even though such requirement would extend beyond the children's minority. Having reached that conclusion, we believe that the provisions of the judgment of divorce as originally entered by the court providing for support and college expenses to a completion of the college education, even though it would extend beyond the children's minority, was a valid exercise of the court's discretion and within its power under the statutory authority allowing such provision for minor children.

"Under the facts of this case, where the parties entered into an agreement that was incorporated by the court in its judgment, and the parties concede they knew at the time that the terms were not subject to performance fully within the minority of the children, it would be an invitation to chaos to hold that such provision was not enforceable. It would permit parties to divorce actions to play fast and loose with the court and with the other parties to the action by entering into agreements which they had no intention of performing.

"Plaintiff's conduct indicates a deliberate and willful misrepresentation to the court and opposing party at time of agreement and entry of judgment with respect to post-minority expenses of the children. As a matter of public policy, this should not be permitted and the parties should be required to live up to the terms of their voluntary agreement. The judgment entered here pursuant to the agreement of the parties did not violate

the statute in that, at the time of its entry, the children were minors." *Ovaitt, supra,* 638-639.

We find the reasoning in *Ovaitt* to be quite persuasive and, on the basis thereof, affirm the order from which defendant appeals.

Affirmed.