SUMERIX v SUMERIX

Docket No. 51219. Submitted March 2, 1981, at Lansing.—Decided
April 23, 1981.

Jerry Sumerix, Sr., was divorced from Nancy E. Sumerix. The
judgment of divorce required Mr. Sumerix to pay child support
for the minor children until they reached the age of 18. Mrs.
Sumerix later filed a motion to extend support payments until
the children graduate from high school, which neither child
will do before reaching 18. The Ingham Circuit Court, Jack W.
Warren, J., denied the motion, and Mrs. Sumerix appeals.
*Held:*

The Age of Majority Act negates any obligation for support
beyond age 18 absent a reservation in the original divorce
judgment of the right to extend support in the future. Here,
there was neither such a reservation nor any prior agreement
for future extension of the support payments. The motion was
properly denied.

Affirmed.

1. PARENT AND CHILD — CHILD SUPPORT — AGE OF MAJORITY —
DIVORCE.

Support payments may not be awarded for a child who has
reached the age of 18 in the absence of either a prior agree-
ment to continue support or a reservation for future support
beyond the age of 18 in the original judgment of divorce.

2. COURTS — CIRCUIT COURTS — CHILD SUPPORT — AGE OF MAJORITY.

A circuit court has authority to grant support for minor children
only until the children reach the age of majority.

3. PARENT AND CHILD — CHILD SUPPORT — DIVORCE — STATUTES.

The Family Support Act does not apply to proceedings to modify
a judgment of divorce; it applies only in a case where the
marriage is still legally intact (MCL 552.451; MSA 25.222[1]).

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 24 Am Jur 2d, Divorce and Separation § 855.
[3] 24 Am Jur 2d, Divorce and Separation § 423.

*Church, Wyble, Kritselis, Anderson & Robinson, P.C.* (by *Thomas H. Hay*), for defendant.

Before: M. F. CAVANAGH, P.J., and ALLEN and J. H. GILLIS, JJ.

PER CURIAM. The judgment of divorce entered in 1969 between the parties hereto awarded defendant custody of the two minor children and required plaintiff to pay child support in the amount of "$20.00 per week per child * * * until said children have attained the age of 18 years, or until the further order of the court". As neither child would graduate from high school before reaching the age of 18, defendant filed a motion to extend support payments "until said children have attained the age of 18 years or graduated from high school, whichever event shall later occur". Following the trial court's denial of the motion to extend support, defendant appeals by right.

The instant factual situation is almost identical to that in *McNames v McNames,* 93 Mich App 477; 286 NW2d 892 (1979), relied upon by the trial court as authority for denial of the motion. *McNames, supra,* held that the Age of Majority Act, MCL 722.51 *et seq.;* MSA 25.244(51) *et seq.,* negates any obligation for child support beyond age 18 absent any reservation in the original judgment of divorce of the right to extend support in the future.

The present case is clearly analogous since there was neither a prior agreement nor any reservation in the original divorce judgment for future support beyond age 18. Furthermore, as in *McNames,* the instant motion was filed well beyond the effective date of the Age of Majority Act. Thus, the savings clause of the Age of Majority Act, MCL 722.54; MSA 25.244(54), is not applicable, and under *Mc-*

*Names,* the trial court did not err when it denied defendant's motion to extend support payments until the children graduate from high school.

In *Johnson v Johnson,* 346 Mich 418, 426; 78 NW2d 216 (1956), the Supreme Court held that a circuit court has authority to grant support only until the children attain the age of majority. Similarly, in *Rybinski v Rybinski,* 333 Mich 592; 53 NW2d 386 (1952), the Court held that a trial court cannot order support for a child of the parties after the child had reached her majority.

Defendant argues that the Family Support Act, MCL 552.452; MSA 25.222(2), is a legislative response to the holding in *Johnson.* The statute, which took effect in 1967 and was amended in 1970, provides in pertinent part:

"The [support] order shall state in separate paragraphs the amount of support for the wife until the further order of the court, and the amount of support for each child until each child reaches the age of 18 years or until the further order of the court. In unusual circumstances the court may order support for such child after he reaches the age of 18 years and until he reaches the age of 21 years, or until the further order of the court."

Defendant contends that the statutory language, "or until the further order of the court", expressly authorizes the circuit courts to order child support payments even after the children attain the age of majority.

It does not appear to us that the Family Support Act is even applicable to proceedings to modify a judgment of divorce. The act appears to be applicable only where the marriage is still legally intact. Section 1 of the act, MCL 552.451; MSA 25.222(1), provides that "[n]o complaint shall be filed nor

shall any summons issue if divorce or separate maintenance proceedings are then pending between the petitioner and her husband". Since the parties in the present case were divorced in December, 1969, MCL 552.17a; MSA 25.97(1) is the child support statute applicable to this case.

We thus find defendant's reliance on the Family Support Act misplaced because the statute is inapposite. This Court's holding in *McNames, supra,* is applicable here and we therefore affirm the trial court.

Affirmed.