GIBSON v GIBSON

Docket No. 53979. Submitted June 8, 1981, at Lansing.—Decided October 21, 1981.

> Roberta and Earl Gibson were granted a judgment of divorce in Livingston Circuit Court. Roberta Gibson was awarded custody of the parties' minor child and Earl Gibson was ordered to pay child support until the child reached the age of 18 or graduated from high school or until further order of the court. The judgment reserved to the trial court the right to determine the amount of support to be paid by Mr. Gibson for the education of the child beyond high school. Subsequently, Earl Gibson remarried and later died. The child began receiving social security death benefits. Earl Gibson's second wife, Rita Gibson, was appointed personal representative of Earl Gibson's estate. She petitioned the Livingston Circuit Court for a modification of the judgment of divorce, requesting that the child support payments be discharged to the extent of the amount of social security benefits received by the child. Roberta Gibson petitioned the court to determine an amount of money to be paid by Earl Gibson's estate toward the child's college education. The court, Bert M. Hensick, J., ordered that the estate continue to make full payment of the weekly child support, since the social security benefits received should be considered as a tax and not be credited against the amount due as child support. The court refused to set an amount to be paid by Earl Gibson's estate for the college education of the child. Roberta Gibson appealed and Rita Gibson cross-appealed. *Held:*
>
> 1. All relevant factors must be considered by the trial court in deciding a request for modification of the provision for child support in a judgment of divorce. While the social security benefits may not require a reduction in the amount of child

REFERENCES FOR POINTS IN HEADNOTES

[1] 24 Am Jur 2d, Divorce and Separation § 846.

   Power of court to modify decree for support of child which was based on agreement of parties. 61 ALR3d 657.

[2] 24 Am Jur 2d, Divorce and Separation §§ 842, 843, 845.

[3] 46 Am Jur 2d, Judges § 169.

support, they must be considered in determining an appropriate level of support.

2. The trial judge erred in allowing his personal opinion to enter into his determination of an amount to be paid toward educational expenses beyond high school. The trial court should consider various factors such as the child's ability and motivation. Great weight should be given to the agreement of the parties to the divorce in which they clearly envisioned that some type of education beyond high school would be undertaken.

Reversed and remanded.

1. PARENT AND CHILD — CHILD SUPPORT — SOCIAL SECURITY.
   A trial court must consider all relevant factors in deciding a request for a modification of child support; receipt of social security death benefits as a result of the death of the noncustodial parent is a relevant factor.

2. DIVORCE — CHILD SUPPORT.
   The parties to a divorce may agree to a judgment providing for the court to determine in the future an amount to be paid by one party for educational expenses even where such a determination could extend child support beyond the age of majority (MCL 552.17; MSA 25.97).

3. PARENT AND CHILD — CHILD SUPPORT.
   It is error for a trial judge to allow his personal opinion that college students should pay for their own education to enter into a determination of an amount to be paid toward educational expenses beyond high school.

*Paul L. Decocq,* for plaintiff.

*Michael J. McGivney,* for defendant.

Before: DANHOF, C.J., and M. F. CAVANAGH and D. R. FREEMAN,* JJ.

D. R. FREEMAN, J. Defendant appeals by right the denial of a motion for a reduction in child support payments. Plaintiff cross-appeals the denial of her motion for a determination of the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

amount to be paid by defendant's estate for the education beyond high school of her son.

Roberta and Earl Gibson were divorced on August 2, 1972. Both parties signed the judgment approving it as to form and content. Plaintiff Roberta Gibson was awarded custody of their minor child. Defendant was ordered to pay child support of $43 per week and $9 per week for health and medical insurance. These payments were to continue until the child reached the age of 18 or graduated from high school or until further order of the court. The judgment reserved to the trial court the right to determine the amount to be paid by the defendant for the education of the child beyond high school.

Earl Gibson died on May 20, 1979. His then wife, Rita Gibson, was appointed personal representative of his estate. The minor child began to receive social security benefits payable upon his father's death.

Rita Gibson petitioned the circuit court for a modification of the judgment of divorce, requesting that child support payments be discharged to the extent of the amount of social security benefits received by the child. Plaintiff subsequently asked the court to determine an amount of money to be paid by defendant's estate toward the child's college education.

We first review the trial court's ruling that the social security benefits received by the child could not be credited against the amount due as child support. The court ordered the estate to continue to make full payment of the weekly child support. In reaching his decision, the judge stated that he viewed social security as a "tax" which did not relieve an estate of an obligation to pay support. He specifically noted that the defendant had made no provision in his will for his son.

The majority of jurisdictions which have addressed the issue have apparently held that social security benefits paid to a child on the parent's account should be automatically credited against child support obligations owed by that parent. See *Schulze v Jensen,* 191 Neb 253; 214 NW2d 591 (1974), *Binns v Maddox,* 57 Ala App 230; 327 So 2d 726 (1976), *Horton v Horton,* 219 Ga 177; 132 SE2d 200 (1963), *Cohen v Murphy,* 368 Mass 144; 330 NE2d 473 (1975), *Andler v Andler,* 217 Kan 538; 538 P2d 649 (1975) (all disability benefits), *McClaskey v McClaskey,* 543 SW2d 832 (Mo App, 1976) (retirement benefits). Whether these cases all hold that credit is automatic or is within the trial court's discretion is unclear since the commencement of social security payments to the child was usually accompanied by a substantial reduction in the earning power of the noncustodial parent.

In the following cases, courts have explicitly held that the crediting of social security payments against child support obligations is discretionary with the trial court and depends on the circumstances of each case: *Fowler v Fowler,* 156 Conn 569; 244 A2d 375 (1968), *Chase v Chase,* 74 Wash 2d 253; 444 P2d 145 (1968), *Joachim v Joachim,* 57 App Div 2d 546; 393 NYS2d 63 (1977), *cert den* 434 US 1066; 98 S Ct 1242; 55 L Ed 2d 767 (1978), *Cash v Cash,* 234 Ark 603; 353 SW2d 348 (1962).

We have found only one reported case involving social security death benefits paid to a child on account of the death of his noncustodial parent. In *Cohen v Cohen,* 246 So 2d 581 (Fla App, 1971), the parties had agreed to a specific amount of child support to be paid by the father. During the minority of the children, the father died. The court upheld the trial court's ruling that the estate was not entitled to a partial credit or discharge for

death benefit payments made to the minor children.

Those decisions holding that social security payments are only one factor to be considered are consistent with Michigan law governing modification of child support orders. All relevant factors must be considered by the trial court in deciding a request for modification. *Rutledge v Rutledge,* 96 Mich App 621, 624; 293 NW2d 651 (1980), *McCarthy v McCarthy,* 74 Mich App 105, 109; 253 NW2d 672 (1977), *Cymbal v Cymbal,* 43 Mich App 566, 567; 204 NW2d 235 (1972). This rule stems from the statutory authority contained in MCL 552.17; MSA 25.97 allowing the court to revise and alter its decree concerning the care, custody and maintenance of the children "as the circumstances of the parents, and the benefit of the children shall require". On remand, the trial court should consider all relevant circumstances, including the child's income from social security payments. While these payments may not require a reduction in child support, the payments must be considered in determining an appropriate level of support.

Plaintiff challenges the trial judge's refusal to order that an amount be paid by the estate for the education of the child beyond high school. In the present case, the judgment of divorce provided:

"It is further ORDERED and ADJUDGED that this court reserves the right to determine the amount to be paid by defendant for the education of the said minor children beyond high school."

We first reject the estate's claim that the trial court was without jurisdiction to order support payments for any period after the child reached the age of majority. Although the judgment of divorce was entered subsequent to enactment of the Age of Majority Act, MCL 722.51 *et seq.;* MSA

25.244(51) *et seq.,* the parties expressly provided for a determination of the amount to be paid by the father in the judgment of divorce. This judgment was approved as to form and content by both parties. When agreed to by the parties, the provision for a determination by the court of an amount to be paid for educational expenses, even though this would extend support beyond the child's minority, is a valid exercise of the court's discretion and within its power under the statutory authority allowing such provision for minor children. *Wagner v Wagner,* 105 Mich App 388, 393; 306 NW2d 523 (1981), *Ovaitt v Ovaitt,* 43 Mich App 628, 638-639; 204 NW2d 753 (1972). See also *McNames v McNames,* 93 Mich App 477, 481; 286 NW2d 892 (1979), and *Sumerix v Sumerix,* 106 Mich App 7; 307 NW2d 727 (1981).

The primary reason stated by the trial judge for refusing to set an amount to be paid for educational expenses was his personal opinion that college students should pay for their own education. The explicit provisions in the judgment of divorce indicate that the parties did not share his view. It was error for the judge to allow his personal opinion to enter into his determination of an amount to be paid toward educational expenses. On remand, the trial court should consider the "exceptional circumstances" described in *Price v Price,* 395 Mich 6, 11, fn 5; 232 NW2d 630 (1975), in determining what amount, if any, should be paid toward the post-high school expenses of the child. Great weight should be given to the agreement of the parties in which they clearly envisioned that some type of education beyond high school would be undertaken.

Reversed and remanded for proceedings consistent with this opinion.

No costs, neither party having prevailed in full.