In re the MARRIAGE OF Elizabeth A. MEEK, Appellee,

and

Harold S. Meek, (Ellen B. Meek, Personal Representative of the Estate of Harold S. Meek, deceased, Substitute Respondent), Appellant.

In the Matter of the ESTATE OF Harold S. MEEK, a/k/a H. Stanley Meek, Deceased and Ellen B. Meek, Personal Representative, Appellant,

v.

Elizabeth MEEK, as next friend of Sherry L. Meek, Appellee.

Nos. 80CA0810, 80CA0811.

Colorado Court of Appeals, Div. III.

July 21, 1983.

Widow also appealed the trial court's denial of her motion for a family allowance. We remanded both orders for entry of finding of facts with sufficient specificity to permit appellate review. The trial court, after reviewing its record, entered specific findings of facts and, based thereon, changed its conclusions and awards. The trial court vacated the commutation of child support and revoked the continuing obligation of support. It also entered an award for family allowance in the sum of $6,000 to be distributed in the sum of $5,000 to widow and $1,000 to Sherry. Sherry seeks reversal of both amended orders. The amended orders are affirmed.

In the dissolution of marriage action, Meek, upon stipulation, had been ordered to pay $50 monthly for the support of Sherry. Following Meek's death, mother successfully sought to have widow, as personal representative for the estate, substituted as a party in the dissolution of marriage action. The widow then moved to terminate the order of support, claiming that Sherry's entitlement to social security survivor's benefits as a result of Meek's death ($380.77 per month at time of trial), as well as her entitlement to the proceeds of Meek's life insurance policies satisfied Meek's obligation to support.

The trial court consolidated the motions in the dissolution action and in the probate matter for hearing. In response to widow's motion to terminate support, mother testified to receipt of Sherry's survivor's benefits and her ability to set aside money from the benefits for future use. She also testified to concern about future increased needs of Sherry. Mother then orally moved the court to award a lump-sum for Sherry's continued support.

Charles H. Sandhouse, Sterling, for appellee Elizabeth A. Meek.

Francis A. Benedetti, Wary, for appellant Harold S. Meek.

TURSI, Judge.

Ellen Meek (widow), as personal representative for the intestate estate of Howard Meek (Meek), appealed entry of an order for lump-sum payment of $6,000 as commuted child support for Sherry Meek (Sherry), decedent's thirteen-year-old child by his former spouse, Elizabeth Marr (mother).

I

Unless otherwise agreed to in writing or expressly provided for in the decree, the obligation to provide support for a child is not automatically terminated by the death of the supporting parent. The amount of child support may be modified, revoked, or commuted to a lump-sum pay-

ment by the court, to the extent just and appropriate in the circumstances. Section 14–10–122(3), C.R.S.1973. The issue before us is whether social security payments made to a dependent child as a result of the supporting parent's death must be considered by the court on a motion to terminate or modify its order for child support.

■ Social security death benefits represent money earned and contributed through the efforts of a working parent or spouse, which payments, like proceeds on an insurance policy, substitute as income to the worker's family should he or she die or become disabled. *Gibson v. Gibson,* 110 Mich.App. 666, 313 N.W.2d 179 (1981). As such, the benefits to which Sherry is entitled as a result of her father's death must be viewed as payments in the nature of support. Therefore, her entitlement to survivor's benefits is a relevant circumstance which the court must consider in deciding whether to modify its support order. *Gibson v. Gibson, supra; but cf. Cohen v. Cohen,* 246 So.2d 581 (Fla.App.1971).

■ This treatment of survivor benefits does not divest the trial court of its discretion under § 14–10–122(3). Rather, it requires only that the trial court presume the survivor's benefits are in lieu of the decedent's support obligation unless other factors militate against allowing such credit. *See Gibson v. Gibson, supra.*

Widow and mother both contend that this court's decision in *In re Marriage of Robinson,* 651 P.2d 454 (Colo.App.1982), is dispositive. We disagree. In *Robinson,* the supporting parent was denied his request to credit the amount of social security disability benefits, over and above the ordered support level, upon a judgment entered against him for past-due support accrued prior to the onset of benefit payments. In the instant case, decedent had scrupulously honored his support obligation until his death, and the only issue is whether future payments are satisfied by the child's entitlement to monthly death benefits.

■ The trial court on remand made findings of facts with sufficient specificity to support its conclusions and award. Finding no abuse of discretion, we affirm the trial court's denial of further child support by lump sum commutation or otherwise.

II

■ The only issue raised as to the award of the family allowance relates to its division. On motion by a personal representative (widow in this case), the surviving spouse, children under 21, and dependent children of a decedent domiciled in Colorado are entitled to a reasonable family allowance from decedent's estate as a matter of right. Sections 15–11–403(1) and 15–11–404, C.R.S.1973 (1982 Cum.Supp.). *In re Estate of Dandrea,* 40 Colo.App. 547, 577 P.2d 1112 (1978).

■ Here, widow claimed that she was entitled to the entire allowance, while mother argued Sherry's greater need. Under § 15–11–403, C.R.S.1973, (1982 Cum. Supp.), the court acting in probate may apportion the award of the family allowance between a surviving spouse and dependent children not living with the surviving spouse, as their needs may appear. Although we might have divided the family allowance differently, we find no abuse of discretion, and thus, the award, as divided, must be affirmed.

The orders are affirmed.

BERMAN and BABCOCK, JJ., concur.