ALLEN v ALLEN

DIVORCE—CHILD SUPPORT—AGE OF MAJORITY—STATUTES.

Child support pursuant to a judgment of divorce may not be awarded to a child after he has reached the age of 18 because the Legislature has made an 18-year-old an adult for all purposes whatsoever, notwithstanding any law to the contrary (MCLA 722.52).

Appeal from Washtenaw, Ross W. Campbell, J. Submitted June 12, 1975, at Lansing. (Docket No. 21831.) Decided August 14, 1975. Leave to appeal applied for.

Complaint by Emmitt J. Allen against Delores v. Allen for divorce. Divorce granted with custody of the children and child support awarded to defendant. Defendant's petition for continuation of child support payments was granted. Plaintiff appeals. Reversed.

*Ulrich, Pear & Fink, P. C.,* for plaintiff.

*Peter P. Darrow,* for defendant.

Before: ALLEN, P. J., and D. F. WALSH and O'HARA,* JJ.

PER CURIAM. This is an appeal by the plaintiff husband from a Washtenaw County Circuit Court

REFERENCES FOR POINTS IN HEADNOTE

24 Am Jur 2d, Divorce and Separation § 832.

Power of court in divorce or separation suit to provide for support of, or aid to, adult child, or to continue provision for support after child attains majority. 162 ALR 1090.

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

order requiring him to continue making payments
for the support of his child Jamie Allen from
January 19, 1974, the date of the child's 18th
birthday, until June 12, 1974, the date on which
the child had completed high school. The court
also reserved the right to order payments for the
further education and support of Jamie Allen and
also payments for the support of Karen Allen. The
plaintiff argued that the trial court did not have
jurisdiction to entertain the defendant's petition
for support payments filed on May 24, 1974, be-
cause both of the children involved had already
attained the age of 18 and were therefore consid-
ered adults under the Age of Majority Act of 1971,
MCLA 722.52; MSA 25.244 (52) (effective January
1, 1972).

The trial court ruled that in spite of this statute
it did have the power to order payments for the
support and education of the two children on the
ground that any rights under the original judg-
ment of divorce had accrued on the date of its
entry, June 26, 1962, and that these rights were
unaffected by the subsequent legislative enact-
ment. That judgment required the payment for the
support and maintenance of each minor child until
the child reached the age of 18 or until the further
order of the court; and jurisdiction was retained by
the court to order payments for the education of
the minor children until each attained the age of
21.

This case is governed by *Price v Price,* 51 Mich
App 656; 215 NW2d 756 (1974), *lv granted* 391
Mich 838 (1974). It was there determined that:

"[A]n adult child is not entitled to support under the
[Age of Majority Act]. Since the Legislature had made
an 18-year-old an adult for all purposes whatsoever,
*notwithstanding any law to the contrary,* support can-

not properly be awarded to a child who has reached the age of 18." *Price v Price, supra,* at 660. (Emphasis the Court's.)

We are aware of the decision of another panel of this court in *Barbier v Barbier,* 45 Mich App 402; 206 NW2d 464 (1973), which involves a similar factual situation. Insofar as that decision is in conflict with *Price, supra,* we decline to follow it.

The order of the circuit court is vacated and the cause remanded for proceedings consistent with this opinion.