McNAMES v McNAMES

Docket No. 77-4431. Submitted April 3, 1979, at Detroit.—Decided
    November 6, 1979.

    Carol E. McNames was divorced from Robert O. McNames in
      1964 and was awarded custody of their six minor children.
      Defendant, Robert O. McNames, was ordered to pay child
      support, and the weekly payments were to decrease by a fixed
      sum for each child who became 18 years old. The plaintiff
      petitioned for a modification of support in 1977, when two of
      the children had not yet reached 18. The St. Clair Circuit
      Court, Ernest F. Oppliger, J., ordered the weekly child support
      payments to be increased and that support should continue for
      the two remaining children until they graduated from high
      school. Defendant appeals, alleging that the Age of Majority
      Act negates any obligation to support his children beyond age
      18 where the original divorce judgment reserved no right to
      extend support in the future. *Held:*

        Support may not be awarded to a child who has reached the
      age of 18 in the absence of either a prior agreement to continue
      support or a reservation for future support in the original
      judgment of divorce. The court erred in extending support until
      graduation from high school, where graduation is beyond the
      children's 18th birthdays.

        Affirmed in part, reversed in part.

PARENT AND CHILD — CHILD SUPPORT — AGE OF MAJORITY — DI-
    VORCE.

    Support may not be awarded to a child who has reached the age
      of 18, in the absence of either a prior agreement to continue
      support or a reservation for future support beyond the age of
      18 in the original judgment of divorce.

*Maria P. Alexander,* for defendant.

REFERENCE FOR POINTS IN HEADNOTE
59 Am Jur 2d, Parent and Child § 66.

Before: T. M. Burns, P.J., and M. F. Cavanagh and MacKenzie, JJ.

Per Curiam. The parties were divorced by a judgment granted by the St. Clair County Circuit Court on July 31, 1964. The divorce judgment granted custody of their six minor children, then aged seven months to ten years, to plaintiff, and ordered defendant to pay child support in the amount of $51 per week "until the eldest child shall have attained the full age of eighteen (18) years * * *". Thereafter, the child support provision decreed in effect that defendant's weekly payments would decrease by $8.50 for each child who turned 18, until the youngest child attained 18, "or until the further Order of [the Circuit] Court".

In March and May of 1977 plaintiff filed petitions to modify the divorce judgment by increasing child support for the two minor children who had not yet reached 18: Tammy, born December 28, 1959, and David Timothy, born November 22, 1963. The later petition also prayed:

"That the Judgment of Divorce be modified in that the child support payments continue until each minor child reaches the age of 18, or graduates from high school, whichever occurs later."

At this same time, defendant also filed a petition seeking credit on his support arrearage to reflect the reduction in income he suffered due to strikes at his place of employment during 1968 and 1972.

All petitions were referred to the Friend of the Court for investigation and recommendations. The Friend of the Court recommended that plaintiff's petition for an increase in the amount of child support be granted and that defendant's petition

for credit on the arrearage be denied, but did not discuss whether child support should be continued beyond the children's 18th birthdays.

Defendant filed objections to the recommendations of the Friend of the Court, and a hearing was held. After hearing arguments of counsel, the trial court accepted the recommendation that the weekly child support payment be increased from $17 to $50, declined to "get involved in the arrearage at this time", and ordered that child support for the two remaining minor children should continue until they graduated from high school.

In this appeal, defendant claims that the extension of support to high school graduation was error since there were no "exceptional circumstances" warranting it. He further argues that the Age of Majority Act, MCL 722.51 *et seq.;* MSA 25.244(51) *et seq.,* negates any obligation to support his children beyond age 18 in view of the fact that the original divorce judgment reserved no right to extend support in the future.

The effect of the Age of Majority Act upon circumstances similar to those here present was discussed by this Court in the case of *Price v Price,* 51 Mich App 656; 215 NW2d 756 (1974). This Court, in *Price, supra,* at 659-661, concluded:

"It is probable that the Legislature did not intend through the Age of Majority Act to dictate that all support must cease at age 18 regardless of the 'exceptional circumstances' quoted in the support statute. Yet that is the exact effect of the support statute when read in conjunction with the Age of Majority Act. The expression of the legislative intent that support jurisdiction extends to *minor* children, supported by the above case-law interpretation, makes plain that an adult child is not entitled to support under the statute. Since the Legislature has made an 18-year-old an adult for all purposes whatsoever, *notwithstanding any law to the*

*contrary,* support cannot properly be awarded to a child who has reached the age of 18.

"The Supreme Court of Michigan, it would seem, attempted to correct this obvious inconsistency between the two statutes. GCR 1963, 729.2(1) was amended on May 1, 1972, some four months after the Age of Majority Act took effect. The amended rule provides for the 'payment of said support for each child until each child reaches the age of majority or graduates from high school, whichever is later, or, in exceptional circumstances, until the further order of the court'. This excellent language would clearly place the matter at the discretion of the trial judge, who is in the best position to determine what an 'exceptional circumstance' might be.

"The problem arises when we attempt to insert the court rule in place of the statutory language. The Supreme Court itself has indicated that court rules may take precedence over statutory language only in matters involving judicial rules of practice and procedure. *Perin v Peuler,* 373 Mich 531; 130 NW2d 4 (1964). This being a matter of the substantive law, the legislative enactment must control. The trial court's reliance on GCR 1963, 729.2(1) to justify an award of support to a child who has reached the age of majority contravenes the Legislature's expressed intent in the statute enabling a circuit court to award any support at all, as interpreted by decisions of the Supreme Court. Until such time as the Legislature sees fit to settle the inconsistency between the support statute and the Age of Majority Act, we are bound to follow its mandate."

The correctness of this reasoning was not assailed by our Supreme Court when it reversed the result in *Price v Price,* 395 Mich 6; 232 NW2d 630 (1975). Rather, the Supreme Court premised its continuation of support in *Price* upon the fact that the modification petition was filed prior to the effective date of the Age of Majority Act. The Court had the opportunity to broadly apply the

language of the court rule but chose instead to limit its holding in the following language:

"In the instant case, the original petition was filed on July 20, 1971. Although a voluntary agreement resulted which was not part of the record, the circuit court adjourned and a hearing was held on the original petition on August 1, 1972. Thus, this petition, as a proceeding 'pending at the effective date of this act', falls within the saving provision of the Age of Majority Act. MCLA 722.54; MSA 25.244(54). The circuit court therefore properly required the divorced father to pay support for the college education of his son until that son became 21 years old." 395 Mich at 10-11.

It should also be noted that in *Price* the Supreme Court made specific reference to a prior voluntary agreement to continue support between the parties. We deem this to be of significance because, in our review of those reported cases where support was allowed to be continued, we have noted that in each there was either a prior agreement *(Price, supra),* or some form of reservation for future support in the original judgment of divorce, *Barbier v Barbier,* 45 Mich App 402; 206 NW2d 464 (1973), *Milbrand v Milbrand,* 66 Mich App 730; 239 NW2d 730 (1976). See also Anno: *Statutory Change of Age of Majority as Affecting Pre-Existing Status or Rights,* 75 ALR3d 228, especially § 7, pp 256-259.

Here, there was neither an agreement nor any reservation for future support beyond age 18. Further, as in *Allen v Allen,* 63 Mich App 475; 235 NW2d 22 (1975), the instant petition was filed well beyond the effective date of the Age of Majority Act. We therefore conclude that the trial court was without authority to extend support in this case. We deem this result not necessarily desirable, but required.

We decline to discuss the arrearage issue raised by defendant as it appears questionable at best whether it is within the purview of this claim of appeal and whether there was an actual determination on this issue. Furthermore, on this point, there exists no evidentiary record for our review.

We affirm that part of the trial court order increasing child support payments from $17 to $50, but reverse the ruling that would extend those payments to high school graduation. No costs, neither party having prevailed entirely.