ARNDT v KASEM

Docket No. 72369. Submitted April 5, 1984, at Lansing.—Decided June 5, 1984.

Plaintiff, Mary Arndt, and defendant, Mouner A. Kasem, were divorced in 1978 by order of the Genesee Circuit Court, with custody of the parties' only child being granted to plaintiff. Defendant was granted overnight visitation privileges. Plaintiff subsequently filed petitions seeking an increase in child support. Defendant countered by seeking a change of custody. The court, Harry B. McAra, J., entered an order modifying the judgment of divorce by awarding joint custody to the parties. Defendant would have physical custody of the child during the summer months and plaintiff would have physical custody during the school year. Visitation on alternate weekends was awarded the party not having custody at any given time. Plaintiff appeals. *Held:*

1. Clear legal error on a major issue occurred when the trial court failed to make a finding that an established custodial environment existed with plaintiff. Because defendant failed to meet his burden of showing by clear and convincing evidence that a change from sole custody in the plaintiff to joint custody between both parties was in the best interests of the child, the trial court's order changing custody must be reversed.

REFERENCES FOR POINTS IN HEADNOTES

[1-4] 24 Am Jur 2d, Divorce and Separation §§ 974-981.

42 Am Jur 2d, Infants §§ 42-45.

59 Am Jur 2d, Parent and Child §§ 25-33.

[3, 4] 24 Am Jur 2d, Divorce and Separation §§ 1013-1017.

42 Am Jur 2d, Infants § 57.

[5] 24 Am Jur 2d, Divorce and Separation §§ 1045, 1046.

Statutory change of age of majority as affecting pre-existing status or rights. 75 ALR3d 228.

[6] 24 Am Jur 2d, Divorce and Separation §§ 1003-1017.

Change in financial condition or needs of parents or children as ground for modification of decree for child support payments. 89 ALR2d 7.

2. The trial court erred by ordering that a trust account be established for the college education of the child.

3. The trial court did not err in failing to order a retroactive increase in defendant's support obligation.

Reversed in part, affirmed in part, and remanded.

1. PARENT AND CHILD — CHILD CUSTODY.

A trial court must evaluate each of the factors contained in the Child Custody Act and state a conclusion on each, thereby determining the best interests of the child, when deciding a child custody matter; failure to make such specific findings is reversible error (MCL 722.23; MSA 25.312[3]).

2. APPEAL — CHILD CUSTODY.

Child custody cases are considered *de novo* by the Court of Appeals and the evidence is examined apart from the trial court's findings of fact, but review is limited by the section of the Child Custody Act which requires all orders and judgments of the circuit court to be affirmed on appeal unless the court made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue (MCL 722.28; MSA 25.312[8]).

3. PARENT AND CHILD — CHILD CUSTODY — CHANGE OF CUSTODY.

Clear and convincing evidence is required to show that it is in the best interests of the child to change a child custody arrangement where there is an established custodial environment, and the burden is on the moving party to establish by a preponderance of the evidence that a change in circumstances has occurred so as to justify a change in custody.

4. PARENT AND CHILD — CHILD CUSTODY — CHANGE OF CUSTODY.

A trial court should not order a change in child custody where an evidentiary standoff exists showing the parties to be equal or nearly equal on all of the best interests of the child factors, particularly where a custody change means altering the established custodial environment of the child.

5. PARENT AND CHILD — CHILD SUPPORT — AGE OF MAJORITY ACT.

The Age of Majority Act negates any obligation of a divorced parent to pay child support once the child becomes 18 years of age absent an express reservation in the original divorce judgment of the right to extend support in the future (MCL 722.51 *et seq.;* MSA 25.244[51] *et seq.).*

6. Parent and Child — Child Support — Modification of Support Order.

    It is the burden of the party petitioning for a change in child support provisions of a divorce judgment to present evidence establishing a change in circumstances that would justify such a change.

*James R. Buckley, P.C.* (by *Kathleen Buckley*), for plaintiff.

*Philip J. Olson, II,* and *Linda S. Salim,* for defendant.

Before: Danhof, C.J., and R. B. Burns and Gribbs, JJ.

Per Curiam. Plaintiff and defendant were married on September 16, 1972. One child, Paul Kasem, was born of the marriage. A judgment of divorce was entered on February 14, 1978. After petitions by plaintiff requesting an increase in child support and by defendant seeking a change in custody, the trial judge entered an order modifying the judgment of divorce. Plaintiff presently appeals as of right from the trial court's order of May 23, 1983, modifying the judgment of divorce in the areas of custody of the minor child and support payments by both plaintiff and defendant.

    Plaintiff first argues that the trial court erred by changing custody of the minor child. In the original divorce judgment, plaintiff was granted custody of Paul and defendant was granted overnight visitation. The trial court changed custody, upon defendant's petition, awarding joint custody to plaintiff and defendant. Defendant was granted physical custody of the child during the summer months, while plaintiff was awarded physical custody during the school year. Each party was awarded visitation on alternate weekends during

the time the other parent had physical custody. Plaintiff argues on appeal that the trial judge erred by failing to determine whether a custodial environment had been established with plaintiff and by granting a change in custody where he found the evidence to be equally balanced between the parties. Plaintiff also argues that the trial judge's findings of fact were insufficient under GCR 1963, 517.1, were contrary to the great weight of the evidence and that it was clear legal error for the trial court to grant joint custody where the evidence established that the parties could not agree on important decisions affecting the best interests of the child.

It is well settled that when deciding a custody matter the trial court must evaluate each of the factors contained in the Child Custody Act, MCL 722.23; MSA 25.312(3), and state a conclusion on each, thereby determining the best interests of the child. *Speers v Speers,* 108 Mich App 543; 310 NW2d 455 (1981). The failure to make such specific findings is reversible error. *Currey v Currey,* 109 Mich App 111; 310 NW2d 913 (1981). Child custody cases are considered *de novo* by this Court, and the evidence is examined apart from the trial judge's finding of fact. *Outcalt v Outcalt,* 40 Mich App 392; 198 NW2d 779 (1972). Review is limited by MCL 722.28; MSA 25.312(8), which requires all orders and judgments of the circuit court to be affirmed on appeal "unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue".

We first reject plaintiff's argument that the trial judge failed to make specific findings of fact on the best interests of the child factors. The trial judge made findings of fact and drew conclusions on each

of the factors listed in MCL 722.23; MSA 25.312(3). We have reviewed the record and conclude that none of the trial judge's findings of fact were against the great weight of the evidence. The trial judge's findings placed the parties in an equal or nearly equal position on all of the best interest of the child factors.

MCL 722.27(c); MSA 25.312(7)(c) governs changes in custody where an established custodial environment exists:

"If a child custody dispute has been submitted to a circuit court as an original action under this act or has arisen incidentally from another action in a circuit court or another or *[sic]* judgment of a circuit court, for the best interests of the child the court may:

*  *  *

"(c) Modify or amend its previous judgments or orders for proper cause shown or because of change of circumstances until the child reaches 18 years of age. The court shall not modify or amend its previous judgments or orders or issue a new order so as to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interest of the child. The custodial environment of a child is established if over an appreciable time the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort. The age of the child, the physical environment, and the inclination of the custodian and the child as to permanency of the relationship shall also be considered."

Where there is an established custodial environment, clear and convincing evidence is required to show that it is in the best interests of the child to change the custody arrangement. The burden is on the moving party to establish by a preponderance

of the evidence that a change in circumstances has occurred so as to justify a change in custody. *Outcalt, supra.*

The trial judge here made no finding as to whether an established custodial environment existed. From the evidence produced at trial, we find that an established custodial environment existed with plaintiff. Although plaintiff and the child changed residences four times during the five-year period after the divorce, it was undisputed that the child lived with plaintiff continuously from the date of the divorce decree until the time of trial. Defendant also did not dispute that during the first two and one-half years after the divorce he saw his son only four to five times. After that period, defendant began to see him on alternate weekends for visitation. We think it clear from this testimony that an established custodial environment existed with plaintiff, since hers was the most constant presence in the boy's life and he would naturally look to her for guidance, discipline, the necessities of life, and parental comfort. MCL 722.27(c); MSA 25.312(7)(c).

In light of our finding that the established custodial environment was with the mother and the fact that the trial judge found the parties to be equal or nearly equal on all of the best interest of the child factors, we believe that clear legal error on a major issue occurred and that the trial court's order changing custody must be reversed. Defendant cannot be said to have met his burden of showing by clear and convincing evidence that a change from sole custody in the plaintiff to joint custody between both parties was in the best interests of the child. Where an evidentiary stand-off exists, the trial judge should not order a change in custody, *Outcalt, supra,* particularly

when a custody change means altering the established custodial environment of the child.

We base our holding on the presumption in favor of the established custodial environment, absent clear and convincing evidence supporting a change, and on the fact that the trial judge found the parties to be substantially equal. We do not rest our decision on the grounds suggested by plaintiff, that joint custody was improper here, as we do not find the parties' differences to be so insurmountable that they could not agree on basic decisions affecting the child. We find *Fisher v Fisher,* 118 Mich App 227; 324 NW2d 582 (1982), relied upon by plaintiff, to be distinguishable since there the parties had major philosophical differences as to the religious training of the children. The problems here do not appear to be of the same magnitude.

Plaintiff's next argument is that the trial judge erred by ordering that a trust account be established for the college education of the child. Defendant was ordered to pay $18 weekly into this fund and plaintiff was ordered to pay $15 weekly into the account during the weeks in the summer in which defendant had physical custody of the child. Plaintiff argues that this order was in violation of the Age of Majority Act of 1971, MCL 722.51 *et seq.;* MSA 25.244(51) *et seq.*

We agree that the trial court erred in creating this obligation for the benefit of the child after he reaches the age of majority. The Age of Majority Act negates any obligation for child support beyond age 18 absent an express reservation in the original divorce judgment of the right to extend support in the future. *Sumerix v Sumerix,* 106 Mich App 7; 307 NW2d 727 (1981). No such reservation was included in the judgment of divorce of

plaintiff and defendant. Although the trust fund created by the court's order provides for a current obligation on the part of plaintiff and defendant, the benefit to the child will accrue only after the child has graduated from high school. We therefore find the Age of Majority Act and this Court's decisions in *McNames v McNames,* 93 Mich App 477; 286 NW2d 892 (1979), and *Sumerix, supra,* to be applicable. We note that neither party requested a support order providing for the child's college education, nor was the creation of the fund the object of a stipulation of the parties. The purpose of child support is to provide funds for the immediate needs of the child. While certainly the parents of the child can voluntarily elect to establish a fund for the child's future education, we believe that the trial court has no authority to do so absent an express reservation of that power in the divorce judgment.

Plaintiff's final contention is that the trial court erred in failing to order a retroactive increase in defendant's support obligation. We find no error.

It is the burden of the petitioning party to present evidence establishing a change in circumstances that would justify a change in the child support provisions of the divorce judgment. *McCarthy v McCarthy,* 74 Mich App 105; 253 NW2d 672 (1977). Plaintiff testified that Paul was attending a private school and thus tuition costs were present. The trial judge ordered defendant to pay one-half of the school tuition. Plaintiff presented no further testimony concerning the increased financial needs of the child. Although the parties stipulated to admit evidence of their incomes, no testimony was presented as to how these figures should be interpreted. Plaintiff failed to meet her burden of proof. We accordingly find no error in

the trial court's denial of an increase in defendant's support payments, beyond the requirement that defendant pay one-half of the private school tuition cost.

Reversed in part and affirmed in part. Remanded for proceedings consistent with this opinion; we do not retain jurisdiction. No costs, neither party having fully prevailed.