FELCOSKI v FELCOSKI

Docket No. 91517. Submitted November 7, 1986, at Grand Rapids. Decided March 30, 1987.

Cheryl Felcoski brought an action in the Ottawa Circuit Court seeking a judgment of divorce from Anthony J. Felcoski. The trial court, Calvin L. Bosman, J., entered a judgment granting a divorce. Defendant appeals alleging that the trial court erred in ordering defendant to pay support for his two minor children until they reach the age of majority or graduate from high school, whichever occurs later.

The Court of Appeals *held:*

1. A circuit court's jurisdiction in divorce proceedings is defined by statute, therefore, plaintiff's argument that the Michigan Court Rules expand the circuit court's jurisdiction over child support matters is without merit.

2. The enactment of the Age of Majority Act, effective January 1, 1972, eliminated a parent's obligation to pay support beyond his child's eighteenth birthday and deprives a circuit court in divorce actions of the right to order support beyond the eighteen-year age of majority. The circuit court's authority to order child support in this matter is clearly limited to defendant's minor children. The court thus exceeded its authority in ordering child support beyond the eighteenth birthday of each child.

Reversed in part and remanded.

1. Dɪᴠᴏʀᴄᴇ — Jᴜʀɪsᴅɪᴄᴛɪᴏɴ — Cɪʀᴄᴜɪᴛ Cᴏᴜʀᴛ.

A circuit court's jurisdiction in divorce proceedings is defined by statute and, therefore, may not be expanded by court rule.

2. Pᴀʀᴇɴᴛ ᴀɴᴅ Cʜɪʟᴅ — Cʜɪʟᴅ Sᴜᴘᴘᴏʀᴛ — Aɢᴇ ᴏꜰ Mᴀᴊᴏʀɪᴛʏ Aᴄᴛ.

The Age of Majority Act, effective January 1, 1972, eliminated a

Rᴇꜰᴇʀᴇɴᴄᴇs

Am Jur 2d, Divorce and Separation §§ 232 *et seq.*

Am Jur 2d, Parent and Child §§ 50 *et seq.*

Statutory change of age of majority as affecting pre-existing status or rights. 75 ALR3d 228.

See also the annotations in the Index to Annotations under Divorce and Separation.

parent's obligation to pay support beyond his child's eighteenth birthday and deprives the circuit court in divorce actions of the right to order support beyond the eighteen-year age of majority.

*Joseph C. Legatz,* for plaintiff.

*Bussard & Sielski* (by *James W. Bussard*), for defendant.

Before: CYNAR, P.J., and M. J. KELLY and J. A. HATHAWAY,* JJ.

PER CURIAM. Defendant appeals as of right from the child support provision of a divorce judgment entered March 17, 1986. We reverse in part and remand for modification of the final judgment.

The sole issue on appeal is whether the trial court exceeded its authority in ordering the defendant to pay support for his two minor children, born May 6, 1969, and August 28, 1973, until they reach the age of majority or graduate from high school, whichever occurs later. Defendant did not agree to pay child support beyond the eighteenth birthday of either of his children and contested this issue below, specially preserving it for appellate review.

This Court has previously held that the enactment of the Age of Majority Act, MCL 722.51 *et seq.;* MSA 25.244(51) *et seq.,* effective January 1, 1972, eliminated a parent's obligation to pay support beyond his or her child's eighteenth birthday and deprives the circuit court in divorce actions of the right to order support beyond the eighteen-year age of majority. See *Parrish v Parrish,* 138 Mich App 546; 361 NW2d 366 (1984); *Arndt v Kasem,* 135 Mich App 252, 258-259; 353 NW2d 497 (1984); *Boyd v Boyd,* 116 Mich App 774, 786; 323 NW2d 553 (1982); *Garrett v Garrett,* 108 Mich App

* Circuit judge, sitting on the Court of Appeals by assignment.

258; 310 NW.2d 355 (1981); *Sumerix v Sumerix,* 106 Mich App 7; 307 NW2d 727 (1981); and *Mc-Names v McNames,* 93 Mich App 477; 286 NW2d 892 (1979).

The circuit court's jurisdiction in divorce proceedings is defined by statute, *Parrish v. Parrish, supra* at 549, and not by court rule. Jurisdiction over children and child support matters in such proceedings is limited as expressly stated in § 17a of the Michigan divorce statute:

> The court shall have jurisdiction in making such order or judgment relative to the minor children of such parties as authorized in this chapter to award custody of each child to 1 of the parties or a third person until each child has attained the age of 18 years and may require either parent to pay such allowance as may be deemed proper for the support of each child until each child shall have attained that age and may in case of exceptional circumstances, require payment of such allowance for any child after he attains that age. [MCL 552.17a; MSA 25.97(1).]

At the time this statute was enacted and at the time it was amended in 1970, the age of majority in Michigan was twenty-one years. Thus, § 17a allowed a court to provide for a minor child's support (though not custody) beyond that child's eighteenth birthday. Pursuant to case law, however, the court in no event had authority to order support beyond the age of majority. See *Johnson v Johnson,* 346 Mich 418, 423-426; 78 NW2d 216 (1956).

With the enactment of the Age of Majority Act, a person attaining the age of eighteen years now becomes "an adult of legal age for all purposes whatsoever," incurring "the same duties, liabilities, responsibilities, rights and legal capacity as

persons heretofore acquired at 21 years of age." MCL 722.52; MSA 25.244(52). Since circuit court jurisdiction in divorce proceedings is defined by statute, plaintiff's argument that MCR 3.209(B)(1)(b) expands the circuit court's jurisdiction over child support matters is without merit. The same argument was rejected by this Court with regard to the former court rule, GCR 1963, 729.2(1), which had language virtually identical to the rule currently in effect. See *McNames v Mc-Names, supra; Price v Price,* 51 Mich App 656; 215 NW2d 756 (1974), rev'd on other grounds, 395 Mich 6; 232 NW2d 630 (1975).

With the enactment of the Age of Majority Act, a person attaining the age of eighteen years now becomes "an adult of legal age for all purposes whatsoever," incurring "the same duties, liabilities, responsibilities, rights and legal capacity as persons heretofore acquired at 21 years of age." MCL 722.52; MSA 25.244(52). The circuit court's authority to order child support in this matter is clearly limited to the defendant's minor children. The court thus exceeded its authority in ordering child support beyond the eighteenth birthday of each child.

Reversed in part and remanded for modification of the judgment of divorce in accordance with this opinion.