SMITH v SMITH

Docket No. 90580. Submitted December 11, 1986, at Lansing. Decided
    October 5, 1987. Leave to appeal applied for.

Mary C. Smith and Michael C. Smith were divorced pursuant to a
    judgment of the Washtenaw Circuit Court. Custody of Aimee
    M. Smith, the couple's acutely handicapped minor child, was
    granted to plaintiff, Mary C. Smith, and defendant, Michael C.
    Smith, was ordered to pay child support until the child reached
    eighteen years of age, the age of majority. Plaintiff subse-
    quently filed a motion requesting the circuit court to extend
    defendant's child support obligations beyond the age of major-
    ity. The circuit court, William F. Ager, Jr., J., denied the
    motion, ruling that it lacked authority to grant the motion.
    Plaintiff appealed.

    The Court of Appeals *held:*

    1. The circuit court erred in ruling that it lacked authority to
    grant plaintiff's motion. MCL 552.17a; MSA 25.97(1) provides a
    circuit court with jurisdiction to order the payment of support
    for a child beyond age eighteen where exceptional circum-
    stances warrant such payment. On remand, the circuit court
    shall consider whether exceptional circumstances exist in this
    case and, accordingly, enter an order with regard to post-major-
    ity support.

    2. MCL 552.17a; MSA 25.97(1) violates neither the federal
    nor state constitutional guarantees of equal protection of the
    laws. The Legislature did not lack a rational basis in making a
    provision for post-majority support only for the children of
    divorced parents without making a comparable provision when
    the parents are not divorced.

    Reversed and remanded.

    MACKENZIE, P.J., concurred and noted that, to the extent the
    opinion in this case differs from that in *McNames v McNames,*
    93 Mich App 477 (1979), she would repudiate *McNames.*

REFERENCES

Am Jur 2d, Divorce and Separation §§ 1039 *et seq.;* 1084 *et seq.*
Power of divorce court, after child attained majority, to enforce by
    contempt proceedings payment of arrears of child support. 32
    ALR3d 888.

DIVORCE — CHILD SUPPORT — AGE OF MAJORITY.

> A circuit court may order the payment of support for a minor child for a period extending beyond the child's attainment of the age of majority upon a showing of exceptional circumstances (MCL 552.17a; MSA 25.97[1]).

*Kluczynski, Girtz & Vogelzang* (by *Richard Radke, Jr.*), for plaintiff.

*Whitker, Benz, Shaner & Olsen* (by *V. Carl Shaner*), for defendant.

Amicus Curiae:

*Scott Bassett,* for Family Law Section of State Bar of Michigan.

Before: MACKENZIE, P.J., and ALLEN and M. J. SHAMO,* JJ.

M. J. SHAMO, J. Plaintiff, the custodial parent, appeals from an order modifying the child support provisions of a judgment of divorce. The child, Aimee Marie Smith, was sixteen years old at the date of the entry of the modification order. The court found that Aimee was acutely handicapped due to genetic abnormalities, functioning with the mental capacity of a six-year-old. Plaintiff's sole contention on appeal is that the court erred by deciding that it lacked jurisdiction to extend defendant's child support obligations beyond Aimee's eighteenth birthday. We agree. Accordingly, this case is reversed in part and remanded so that the circuit court may consider whether a modification order extending child support obligations beyond the age of majority is appropriate.

MCL 552.17a; MSA 25.97(1) defines the jurisdic-

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

tion of the circuit court regarding the awarding of child support:

> The court shall have jurisdiction in making such order or judgment relative to the minor children of such parties as authorized in this chapter to award custody of each child to 1 of the parties or a third person until each child has attained the age of 18 years and may require either parent to pay such allowance as may be deemed proper for the support of each child until each child shall have attained that age and *may in case of exceptional circumstances, require payment of such allowance for any child after he attains that age.* However, on application for modification of a judgment or order where applicant is in contempt, for cause shown, the court may waive the contempt and proceed to a hearing without prejudice to applicant's rights and render a determination on the merits. [Emphasis added.]

The Age of Majority Act provides that the age of majority is eighteen:

> Notwithstanding any other provision of law to the contrary, a person who is 18 years of age but less than 21 years of age when this act takes effect, and a person who attains 18 years of age thereafter, is deemed to be an adult of legal age for all purposes whatsoever and shall have the same duties, liabilities, responsibilities, rights and legal capacity as persons heretofore acquired at 21 years of age. [MCL 722.52; MSA 25.244(52).]

This enactment reduced the age of majority from twenty-one to eighteen. See MCL 722.53; MSA 25.244(53).

The foregoing have been construed to negate an assertion of authority by the circuit court to order that support continue beyond the child's eighteenth birthday. *McNames v McNames,* 93 Mich

App 477; 286 NW2d 892 (1979); *Arndt v Kasem,* 135 Mich App 252, 258-259; 353 NW2d 497 (1984); *Boyd v Boyd,* 116 Mich App 774, 786; 323 NW2d 553 (1982); *Garrett v Garrett,* 108 Mich App 258; 310 NW2d 355 (1981); *Sumerix v Sumerix,* 106 Mich App 7; 307 NW2d 727 (1981). Narrow exceptions exist when the support is paid pursuant to a voluntary agreement of the parties, *Wagner v Wagner,* 105 Mich App 388; 306 NW2d 523 (1981), when the original judgment includes a reservation of future support, *McNames, supra,* 481, or when post-majority support was requested prior to the effective date of the Age of Majority Act, *Price v Price,* 395 Mich 6; 232 NW2d 630 (1975). None of these exceptions apply to the instant case.

However, MCL 552.17a; MSA 25.97(1) authorized the court "in case of exceptional circumstances [to] require payment of such allowance for any child after he attains that age [i.e., 18 years]." The circuit court in this case erroneously construed previous decisions of this Court to deny jurisdiction to impose post-majority child support even when the circumstances of the parties are exceptional. We hold that the award of post-majority support is within the jurisdiction of the court when a showing of exceptional circumstances has been made.[1] A contrary construction would render the "exceptional circumstances" clause mere surplusage. We are unwilling to attribute this intent to the Legislature.

---

[1] We are aware that the "exceptional circumstances" showing must be made with respect to the circumstances as the child approaches the age of majority. *Johnson v Johnson,* 346 Mich 418, 426; 78 NW2d 216 (1956). In view of the court's finding in the instant case that Aimee showed little hope of improvement and in view of Aimee's relative nearness to the age of majority at the time of the evidentiary hearing, we find that the proceedings below were sufficiently contemporaneous with Aimee's prospective attainment of the age of majority to allow the court to decide whether exceptional circumstances were present.

In *Johnson v Johnson,* 346 Mich 418; 78 NW2d 216 (1956), the Supreme Court decided that an award of support was properly granted for the purpose of enabling a child to attend college after she attained the age of eighteen. At that time, MCL 552.17a; MSA 25.97(1) was worded in a nearly identical manner as its present form, requiring support until the child's attainment of age eighteen, but then permitting additional support upon a showing of exceptional circumstances. The Court in *Johnson* held that the award was proper pursuant to the exceptional circumstances clause. However, since the age of majority at the time of the *Johnson* decision was twenty-one years, the Court held that exceptional circumstances would not justify any support once the child reached her twenty-first birthday. Under the present statutory framework, the eighteen-year age limit of the support statute and the age of majority coincide. Thus, if the *Johnson* holding is applied to terminate support obligations at the time of the child's attainment of the age of majority, there would never be a time period when the exceptional circumstances clause would compel an award of support. Unless we attribute to the Legislature an intent to impliedly repeal the exceptional circumstances clause, we must assume that this provision, read in conjunction with the Age of Majority Act, contemplates the extension of support beyond the age of majority. A reading of two statutes that results in an implied repeal is not favored. *Ficano v Lucas,* 133 Mich 268, 281; 351 NW2d 198 (1983). It is preferable to construe two statutes in a manner that gives meaning and effect to each word and phrase. *Michigan Harness Horsemen's Ass'n v Racing Comm'r,* 123 Mich App 388, 391; 333 NW2d 292 (1983). Our construction accomplishes this end. Since the *Johnson* rationale no

longer holds under the present statutory framework, we also decline to hold that the child's twenty-first birthday cuts off her entitlement to support when exceptional circumstances are present.

We find further support for our conclusion in *Price v Price, supra,* 11, n 5. Although the Court in *Price* decided the case on the basis of the savings provision of the Age of Majority Act, a holding inapplicable to this case, the Court did note in dictum its view that the statutory provision for exceptional circumstances may justify support beyond the age of majority. The Court observed: "Special needs such as whether the individual may be handicapped mentally or physically or in need of other special training, or whether he or she is particularly gifted, are also relevant." *Id.*

In *Parrish v Parrish,* 138 Mich App 546; 361 NW2d 366 (1984), this Court decided that the circuit court lacked jurisdiction to award child support for the daughter of the parties, who was eighteen years of age at the commencement of the divorce. The daughter's affliction with cerebral palsy was the basis for the plaintiff's contention that exceptional circumstances were presented. The holding was that the court never obtained jurisdiction to award support "[b]ecause at no time during the pendency of this action was [the child] under 18 years of age." *Id.,* 553. In the instant case, *Parrish* does not compel a contrary conclusion. The ultimate beneficiary of the support was a minor at the time of plaintiff's motion for a modification of support obligations.

We find no merit in defendant's contention that MCL 552.17a; MSA 25.97(1), as we now construe it, violates the constitutional guarantee of equal protection of the law. US Const, Am XIV; Const 1963,

art 1, § 2. The Legislature did not lack a rational basis by making a provision for post-majority support only for the children of divorced parents without making a comparable provision when the parents are not divorced. See *Sutton v Cadillac Area Public Schools,* 117 Mich App 38, 43; 323 NW2d 582 (1982), where we stated: "Equal protection does not require that government choose between attacking every aspect of a problem or not attacking the problem at all. . . . Government does not deny equal protection by making the same grant available to persons of varying economic needs."

The provision of the modification order denying plaintiff's request for post-majority support is set aside. On remand, the circuit court shall consider whether exceptional circumstances exist and enter an order consistent with this opinion.

Reversed and remanded.

MACKENZIE, P.J., notes that, to the extent this opinion differs from *McNames v McNames,* 93 Mich App 477; 286 NW2d 892 (1979), she repudiates *McNames.*