DEAN v DEAN

Docket No. 98231. Submitted December 8, 1988, at Grand Rapids. Decided March 20, 1989. Leave to appeal applied for.

The Kalamazoo Circuit Court, Philip D. Schaefer, J., entered an order modifying the order granting a divorce to Linda M. Dean from John M. Dean by requiring John Dean to pay child support for the support of his daughter, even after she had reached eighteen years of age, while she continued full-time participation in high school leading toward graduation. Defendant appealed.

The Court of Appeals *held:*

1. A circuit court, because of the operation of the Age of Majority Act, lacks jurisdictional authority to order child support beyond a child's eighteenth birthday except in exceptional circumstances. A child's continued education is not an exceptional circumstance.

2. The court's statutory jurisdiction with respect to ordering child support cannot be expanded by court rule.

3. The wisdom of creating a situation in which child support may be terminated while a child is still in high school is a question which should be addressed to the Legislature rather than the courts.

4. The operation of the Age of Majority Act does not result in either impermissible age discrimination or a denial of equal protection of the law, since there is no obligation on the part of any parent to support a child after the age of eighteen.

Reversed.

DOCTOROFF, P.J., dissented. He would hold that the Legislature did not intend that the Age of Majority Act preclude an award of child support beyond the child's eighteenth birthday if the child is still attending high school. He would affirm.

PARENT AND CHILD — CHILD SUPPORT — AGE OF MAJORITY ACT.

A circuit court, by reason of the operation of the Age of Majority

REFERENCES

Am Jur 2d, Divorce and Separation §§ 1022, 1049-1051.
Responsibility of noncustodial divorced parent to pay for, or contribute to, costs of child's college education. 99 ALR3d 322.

Act, lacks authority except under exceptional circumstances to order the payment of child support beyond a child's eighteenth birthday; continuation of a child's education does not constitute the type of exceptional circumstances which would empower the court to continue child support payment beyond the point the child reaches majority (MCL 722.52; MSA 25.244[52]).

*Marie A. Johnson,* for the Friend of the Court for the Ninth Circuit Court.

*Plaszczak & Bauhof, P.C.* (by *James F. Bauhof*), for defendant.

Before: DOCTOROFF, P.J., and SAWYER and R. J. JASON,* JJ.

SAWYER, J. Defendant appeals as of right from an order modifying a judgment of divorce by raising his child support obligation to $40 per week while his daughter remained in high school, although she had already attained the age of eighteen. We reverse.

On appeal, defendant argues that the circuit court lacked authority to order the payment of child support beyond the child's eighteenth birthday. We agree. As this Court discussed in *Felcoski v Felcoski*, 159 Mich App 762, 764-765; 407 NW2d 11 (1987), except for exceptional circumstances, a circuit court lacks jurisdiction to order the payment of child support beyond the age of eighteen:

> With the enactment of the Age of Majority Act, a person attaining the age of eighteen years now becomes "an adult of legal age for all purposes whatsoever," incurring "the same duties, liabilities, responsibilities, rights and legal capacity as persons heretofore acquired at 21 years of age." MCL 722.52; MSA 25.244(52). Since circuit court jurisdiction in divorce proceedings is defined by

---

* Circuit judge, sitting on the Court of Appeals by assignment.

statute, plaintiff's argument that MCR 3.209(B)(1)(b) expands the circuit court's jurisdiction over child support matters is without merit. The same argument was rejected by this Court with regard to the former court rule, GCR 1963, 729.2(1), which had language virtually identical to the rule currently in effect. See *McNames v Mc-Names* [93 Mich App 477; 286 NW2d 892 (1979)]; *Price v Price,* 51 Mich App 656; 215 NW2d 756 (1974), rev'd on other grounds, 395 Mich 6; 232 NW2d 630 (1975).

With the enactment of the Age of Majority Act, a person attaining the age of eighteen years now becomes "an adult of legal age for all purposes whatsoever," incurring "the same duties, liabilities, responsibilities, rights and legal capacity as persons heretofore acquired at 21 years of age." MCL 722.52; MSA 25.244(52). The circuit court's authority to order child support in this matter is clearly limited to the defendant's minor children. The court thus exceeded its authority in ordering child support beyond the eighteenth birthday of each child.

Like the case at bar, *Felcoski* directly considered the issue of the trial court's authority to order child support past the age of eighteen until the child graduated from high school. Like *Felcoski,* we conclude that the trial court lacks the authority to continue child support past the age of eighteen merely because the child remains in school.

While *Felcoski* disposes of the case at bar, since the Friend of the Court filed a brief on behalf of the child which raises a number of arguments as to why we should not follow *Felcoski,* we will briefly address those arguments. The Friend of the Court first argues that we should disagree with *Felcoski* because *Felcoski* based its decision on cases decided before the adoption of MCR 3.209(B). This argument is without merit because, as pointed out by the Court in *Felcoski,* the authority

of the circuit court to order child support is juris-
dictional in nature and, therefore, cannot be ex-
panded by court rule. *Felcoski, supra* at 765. The
Friend of the Court also points to pending legisla-
tion that would allow child support to be ordered
until age nineteen if the child is a full-time high
school student. This argument is of no relevance to
this case, however, since pending legislation has
no legal effect.

With respect to its second argument, that the
law should be practical, the Friend of the Court
argues, in essence, that the last year or two of
high school can be very expensive and that it is
not practical to terminate child support before
graduation from high school, even if the child has
turned eighteen. This argument, however, must be
presented to the Legislature for its determinations
in fixing the jurisdiction of the courts in ordering
child support, the age of majority, and educational
requirements. That is, while it may be impractical
that, under the current legislative scheme, child
support can only be awarded until the child
reaches the age of majority and that high school
graduation may not occur until after reaching the
age of majority, that problem can only be reme-
died by the Legislature.

For similar reasons, we must reject the Friend
of the Court's next argument based upon public
policy. The Friend of the Court submits that it is
poor public policy to terminate a parent's support
obligation prior to the graduation of the child from
high school. We would initially point out that, had
there been no divorce, neither party would be
obligated to support the child past her eighteenth
birthday even though she remained in high school.
We see no reason why public policy would dictate
that we should impose an obligation on parents as
a result of divorce where no such obligation would

be incurred had there been no divorce. Moreover, as discussed above, the authority of the courts to impose child support obligations is statutory in nature and the statute does not permit the imposition of a child support obligation beyond the age of eighteen. If the Friend of the Court believes that this constitutes poor public policy, we can only suggest that it approach the Legislature to seek a raise in the age of majority, a modification of the educational system, or legislation which would impose obligations on parents even beyond the age of majority.

The Friend of the Court's next argument, that failure to award child support until graduation constitutes age discrimination, is novel. The Friend of the Court argues that, since some children, those under eighteen, will be supported until graduation while others, those who graduate after reaching eighteen, will not be supported, the failure to provide child support until graduation constitutes age discrimination. We disagree. We would point the Friend of the Court to the fact that, as noted above, parents have no obligation to support a child after that child reaches the age of majority. It is irrelevant to the issue of parental obligation whether the child had graduated from high school. To accept the Friend of the Court's argument would require us to conclude that a parent has an obligation to support a child ad infinitum. That is, if it constitutes age discrimination to stop support at age eighteen, would it not also constitute age discrimination to stop support payments at age sixty? Simply put, under the Age of Majority Act, significant changes occur when a person reaches the age of eighteen with respect to their legal relationship with their parents and, for that matter, the world at large. We seriously doubt that the Legislature intended to alter or abolish the

responsibilities of being an adult when it enacted statutes prohibiting age discrimination.

In a variation of the above argument, the Friend of the Court next contends that the child would be denied equal protection of the law if she were denied child support while other high school students, because of their age, would be entitled to child support. Again, the flaw in the Friend of the Court's argument is that it fails to recognize that the child, upon reaching the age of eighteen, is treated as every other eighteen-year-old in the state. Specifically, she has reached the age of majority and is legally recognized as an adult and is solely responsible for herself. We would also note that, as an adult, it is the choice of the parties' daughter whether she wishes to continue her education. She is under no obligation, neither one imposed by law nor one imposed by her parents, to continue to do so. While it is definitely to the daughter's advantage to do so, and we would encourage both parties to support her continued education, financially and otherwise, this Court and the circuit court lack any legal authority to compel either parent to render such assistance.

In the final analysis, however, their daughter is an adult and, as such, she must make adult decisions about the course of her life, including the amount and nature of education she receives, and must make those choices in light of her ability to support herself in those endeavors. While she may look to her parents for their voluntary assistance, she has no legal right to expect that assistance. This is true whether her parents were divorced or united. While her parents can, and perhaps even should, render that assistance, neither can be compelled to do so.

The Friend of the Court next requests that this Court do equity and order continued child support.

It points to the fact that the mother's financial situation renders it difficult for her to continue to support the child until graduation. We reiterate that the mother has no obligation to continue to support the child past her eighteenth birthday and neither does defendant. Even if it would be equitable to order support payments, a conclusion which we choose not to make, this Court, like the circuit court, lacks any jurisdiction to do so. With respect to the Friend of the Court's comment that the mother's obligation to her daughter continues while defendant is able to avoid his obligation, that observation is flawed inasmuch as neither party has any obligation to their daughter, other than that which they choose to assume, since their daughter has reached the age of majority. While we might wish that defendant would assume such an obligation, there is no basis in law for imposing such an obligation on him.

The Friend of the Court next points to the "exceptional circumstances" language in MCL 552.17a; MSA 25.97(1), which permits the ordering of child support beyond the age of majority in such cases. As discussed above, however, this Court has declined to impose child support obligations merely because the child remains in high school. *Felcoski, supra.* Rather, we believe that the "exceptional circumstances" language of the statute refers to situations such as a child suffering from a severe handicap. See *Smith v Smith,* 163 Mich App 423; 414 NW2d 906 (1987).

The Friend of the Court next argues that court rules take precedent over statutes in matters involving rules of practice and procedure and, therefore, we should follow MCR 3.209(B) and affirm the award of child support. However, as this Court in *Felcoski, supra,* pointed out, the authority of the

court to order child support is jurisdictional and, therefore, the statute takes precedence.

The Friend of the Court next argues that the Supreme Court, relying on cases decided before the Age of Majority Act went into effect, will conclude that it is proper to award child support beyond the age of eighteen while a child remains in school. While the Supreme Court might interpret the applicable statutes in the manner urged by the Friend of the Court, we see no reason to disagree with the *Felcoski* interpretation until and unless the Supreme Court has, in fact, so ruled.

The Friend of the Court next argues that the Age of Majority Act does not prohibit the awarding of child support to a person who has reached his or her eighteenth birthday and points to the statutory authorization of spousal support as evidence that courts can order one adult to pay for the support of another adult. While the Friend of the Court might well be correct that the Legislature can constitutionally authorize the courts to order one adult to pay for the support of another adult, such as is the case in spousal support situations, that would lead to the conclusion that the Legislature could authorize the courts to order a parent to support a child after that child has reached legal adulthood. The flaw in the Friend of the Court's reasoning, however, is that, as discussed above, the Legislature has not authorized the courts to award child support to children who have reached the age of eighteen, except in exceptional circumstances. Thus, while the Legislature could perhaps authorize the courts to order such support, the Legislature has not done so. The fact that the Age of Majority Act does not prohibit the awarding of child support to children who have reached the age of eighteen is irrelevant as the analysis centers on the fact that the Legislature

has not enacted legislation which permits the courts to do so.

The Friend of the Court's final argument is that this appeal could be dismissed as moot because the parties' daughter has now graduated from high school and that for the most part support has been paid, with a small arrearage on the account existing. This argument is without merit. First, if the appeal were dismissed, plaintiff could seek to enforce that arrearage, although that arrearage is of modest amount. Second, since defendant will prevail in this appeal, he is entitled to recover the amount of child support paid for the period after the daughter reached the age of eighteen. Thus, the issue is far from being moot.

For the reasons discussed above, that portion of the trial court's order which provided for the payment of child support for the parties' daughter past her eighteenth birthday is vacated. To the extent that that order provided for the payment of child support prior to the child's eighteenth birthday, the order is affirmed. Defendant may tax costs.

R. J. JASON, J., concurred.

DOCTOROFF, P.J. (*dissenting*). I respectfully dissent. I agree with the majority opinion in *Paaso v Paaso,* 170 Mich App 628; 428 NW2d 724 (1988), authored by SHEPHERD, J. The Age of Majority Act does not preclude an award of child support beyond a child's eighteenth birthday if that child is still attending high school. I do not believe that the Legislature intended for high school seniors to go financially unsupported by the noncustodial parent. This would defeat the purpose of the child support statute, which is to ensure financial stability for the children of divorced parents through their formative years.

I would affirm.