ADKINS v ADKINS

Docket No. 112716. Submitted August 16, 1989, at Detroit. Decided
November 6, 1989.

Brenda G. Adkins sought and obtained from the Wayne Circuit
Court a divorce from Terry D. Adkins. Custody of the parties'
three minor children was awarded to plaintiff. Defendant was
ordered to pay child support until each child attained the age
of eighteen or until the further order of the court. When the
parties' oldest child turned eighteen, the child was at least
three years away from high school graduation. Plaintiff filed a
motion which sought a modification of the divorce judgment to
provide for child support until the children reach eighteen
years of age, or graduate from high school, whichever is later.
The court, Robert J. Colombo, Jr., J., ordered that support for
the parties' oldest child continue one more year. Defendant
appealed.

The Court of Appeals *held:*

1. An award of post-majority support is not precluded by the
Age of Majority Act and is authorized under MCL 552.17a;
MSA 25.97(1) and MCR 3.209(B)(1)(b) in cases of exceptional
circumstances.

2. A circuit court has the power to order child support
beyond a child's eighteenth birthday and until he graduates
from high school.

3. The trial court in this case was correct in deciding that an
additional year of child support was warranted.

Affirmed.

T. M. BURNS, J., dissented for the reasons stated in *McNames
v McNames,* 93 Mich App 477 (1979), and *Pellar v Pellar,* 178
Mich App 29 (1989).

DIVORCE — CHILD SUPPORT — AGE OF MAJORITY — GRADUATION FROM
HIGH SCHOOL.

A circuit court may order a parent to pay child support beyond a

REFERENCES

Am Jur 2d, Divorce and Separation §§ 1045, 1049.
See the Index to Annotations under Age; Custody and Support of
Children; Schools and Education.

child's eighteenth birthday and until the child graduates from high school; the Age of Majority Act does not preclude an award of child support beyond a child's eighteenth birthday (MCL 552.17a, 722.52; MSA 25.97[1], 25.244[52]; MCR 3.209[B][1][b]).

*Richard J. Collins,* for defendant.

Before: MacKenzie, P.J., and Marilyn Kelly and T. M. Burns,* JJ.

MacKenzie, P.J. Plaintiff and defendant were divorced in 1982. Plaintiff was awarded custody of the parties' three minor children. Defendant was ordered to pay weekly child support until each child attained the age of eighteen "or until the further order of the Court."

David, the parties' oldest child, turned eighteen on August 29, 1988. David has been a discipline problem throughout school and is presently at least three years away from graduation. He repeated the third and sixth grades. His record shows a pattern of absences and failing grades. He had attended an alternative education program, and at the time of the hearing had the option of continuing in the program, entering high school in the tenth grade, or entering an adult education program.

A month before David's eighteenth birthday, plaintiff filed a motion for modification of the parties' divorce judgment to provide for child support until the minor children "reach 18 years of age, or graduate from high school, whichever is later, or, in exceptional circumstances, until further order of the Court." See MCR 3.209(B)(1)(b). On August 30, 1988, the circuit court ordered that child support for David continue one more year by

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

saying that it expected David to have completed the equivalent of the tenth grade by the end of the year.

Defendant appeals the trial court's order of post-majority support payments. We affirm.

The statutory provision granting jurisdiction over support matters allows the circuit court to require a parent to pay support until each child is eighteen or "in case of exceptional circumstances, . . . after he obtains that age." MCL 552.17a; MSA 25.97(1). The court rule dealing with child support provides that

> (1) A support order or final judgment must
>
> * * *
>
> (b) provide for payment for a child until the child reaches the age of majority or graduates from high school, whichever is later, or, in exceptional circumstances, until further order of the court. [MCR 3.209(B)(1)(b).]

Finally, the Age of Majority Act provides that a person who attains eighteen years of age "is deemed to be an adult of legal age for all purposes whatsoever and shall have the same duties, liabilities, responsibilities, rights and legal capacity as persons heretofore acquired at 21 years of age." MCL 722.52; MSA 25.244(52).

There is a conflict in this Court on the question whether circuit courts ever have jurisdiction to order support payments beyond a child's eighteenth birthday. Compare *Sumerix v Sumerix,* 106 Mich App 7; 307 NW2d 727 (1981), and *McNames v McNames,* 93 Mich App 477; 286 NW2d 892 (1979), with *Smith v Smith,* 163 Mich App 423, 426; 414 NW2d 906 (1987), lv gtd 430 Mich 890 (1988). We do not believe that the Age of Majority Act precludes the award of post-majority support.

Rather, we agree with the cases holding that the award of post-majority support is within the jurisdiction of the court when a showing of exceptional circumstances has been made. See also *Dean v Dean,* 175 Mich App 714, 715; 438 NW2d 355 (1989); *Paaso v Paaso,* 170 Mich App 628; 428 NW2d 724 (1988). A contrary construction would render the "exceptional circumstances" clause mere surplusage. *Smith, supra* at 426.

There is also a conflict in this Court over whether the fact that a child has not graduated from high school by age eighteen qualifies as an "exceptional circumstance." What constitutes an exceptional circumstance is not plain on the face of the statute. *Paaso, supra* at 636. The *Paaso* Court determined:

> It is possible that the Legislature concluded that a minority of high school students graduate after their eighteenth birthday and that provision for their support would therefore be exceptional. Such a reading of the intent of the jurisdictional statute comports with common sense, sound public policy, and the purpose of the statute, particularly in light of the Supreme Court's adoption of the court rule and comments in *Price* [*v Price,* 395 Mich 6; 232 NW2d 630 (1975)]. [*Id.* at 637-638.]

In contrast, another panel of this Court concluded that "the trial court lacks the authority to continue child support past the age of eighteen merely because the child remains in school." *Dean, supra* at 716.

It is not clear from the facts of *Paaso* and *Dean* whether graduation in those cases was delayed as a "result of a decision made by *both* parents prior to kindergarten as to whether to hold the child back a year for maturation purposes." *Paaso, supra* at 635, n 1. Nor is it clear whether discipline

and attendance problems were factors, as they are in the present case. Neither opinion appears to weigh the amount of additional time required for graduation, although it is evident in *Paaso* that the child was scheduled to graduate fourteen months after turning eighteen.

*Dean* relied on *Smith, supra,* for the proposition that "the 'exceptional circumstances' language of the statute refers to situations such as a child suffering from a severe handicap." *Dean, supra* at 720. *Smith* did not limit exceptional circumstances to handicaps, however. Rather, the significance of *Smith* was that it recognized that the award of post-majority support is within the jurisdiction of the court when a showing of exceptional circumstances has been made. *Smith, supra* at 426. The Court in *Smith* remanded the case to the lower court for a determination of whether such circumstances existed where the child was "acutely handicapped due to genetic abnormalities." *Id.* at 424.

We are inclined to agree with *Paaso* that, *for jurisdictional purposes,* the lack of a high school diploma by age eighteen is an exceptional circumstance. We reach this decision by again looking at *Dean.* In refusing to recognize jurisdiction where a child has "merely" failed to complete high school by age eighteen, *Dean* relied on *Felcoski v Felcoski,* 159 Mich App 762; 407 NW2d 11 (1987), for the proposition that "except for exceptional circumstances, a circuit court lacks jurisdiction to order the payment of child support beyond the age of eighteen." *Dean, supra* at 715. Yet *Felcoski* followed *McNames* in determining that the "circuit court's authority to order child support . . . is clearly limited to defendant's minor children." *Felcoski, supra* at 765. *Felcoski* did not recognize the possibility of post-majority support in exceptional circumstances. *Id.* at 764-765.

Contrary to *Felcoski,* we have concluded that jurisdiction to award support for adult children does exist in exceptional circumstances. See *Smith, supra,* and *Paaso, supra.* Because we thus reject the reasoning in *Felcoski,* we do not feel bound to follow *Dean's* determination regarding high school graduation. We hold, following the reasoning of *Paaso,* that a trial court has the power to order child support beyond a child's eighteenth birthday and until he graduates from high school. *Paaso, supra* at 638.

Having determined that the trial court in this case had jurisdiction to award support for David, we must now decide whether the decision to grant post-majority support was correct. Cf. *Norden v Norden,* 173 Mich App 826, 831; 434 NW2d 256 (1988).

Defendant expressed justifiable concern that granting support for a child over eighteen who is not making satisfactory progress toward completion of high school could lead to payments for an indefinite period; many people never graduate from high school. Defendant also warns of the risk of "rewarding non-effort": in order to maintain support payments, custodial parents may neglect their duties and allow their children to fall behind in school.

Clearly, the present case differs from that where a child is due to graduate from high school several months after turning eighteen, having made satisfactory academic progress. For guidance in dealing with this less clear-cut situation, we turn to the Supreme Court's decision in *Price v Price,* 395 Mich 6; 232 NW2d 630 (1975), which dealt with post-majority support for a child in college.

"Exceptional circumstances" of course, are something more than a perfunctory acceptance of the

idea that every young person must go to college. It is taking into consideration matters such as "the child's qualifications and desire to attend college, as well as the [parent's] ability to provide [him or her] with a college education". *Johnson v Johnson,* 346 Mich 418, 426. Such factors as the student's aptitude and motivation to achieve higher education may be properly considered by the trial court, as well as the likelihood of the child's good faith performance. Special needs such as whether the individual may be handicapped mentally or physically or in need of other special training, or whether he or she is particularly gifted, are also relevant. Properly within the purview of the equity powers of the court is an evaluation of the costs of the student's education plans with consideration for travel, quality of education, and particular career aspirations.

If the student "shall fail or cease to attend or shall fail to make a satisfactory showing of scholastic progress", *Titus v Titus,* 311 Mich 434, 437; 18 NW2d 883, 885 (1945), this may be grounds for changing the support order. [395 Mich 11, n 5].

We believe that the same factors are equally relevant when determining whether payments should be ordered for a child in high school after the age of eighteen.

The trial court in this case ordered defendant to make support payments for one more year, until the date David would have graduated had he not fallen behind. The court stated:

I'm going to find that there are exceptional circumstances with respect to this child and his background that require the payment of child support for an additional year, but I will review this matter in another year.

And I'll tell you quite frankly, if he continues along the way he's been proceeding I intend to terminate support forever.

And it's up to you to put the burden on him to

get in school and complete his high school program. Otherwise, he's going to be in a very difficult position the remainder of his life.

*    *    *

I would like to see him at the end of this year be at the equivalent of the eleventh grade; that is, having completed what a tenth grader would have completed.

The trial court did not order payments for an indefinite period. Nor did it create any incentive for David not to complete his schooling. If David "fail[s] or cease[s] to attend or shall fail to make a satisfactory showing of scholastic progress," *Price, supra* at 11, n 5, then the trial court will terminate support forever.

This Court in *Paaso* recognized that "[a] high school diploma constitutes the bare minimum qualification for economic opportunity in this increasingly technology-oriented world." David will be "in a very difficult position the remainder of his life" if he does not complete high school. We cannot say the trial court was wrong in recognizing this and granting continued support conditional on David's completion of the tenth grade.

Affirmed.

MARILYN KELLY, J., concurred.

T. M. BURNS, J. *(dissenting).* I dissent for the reasons stated in *McNames v McNames,* 93 Mich App 477; 286 NW2d 892 (1979), and *Pellar v Pellar,* 178 Mich App 29, 36; 443 NW2d 427 (1989).