ADKINS v ADKINS (ON REHEARING)

Docket No. 112716. Submitted August 16, 1989, at Detroit. Decided
    November 6, 1989. Decided on rehearing March 5, 1990.
    By an order of the Wayne Circuit Court, Robert J. Colombo, Jr.,
        J., amending a judgment of divorce, Terry D. Adkins was
        required to continue to pay child support payments to Brenda
        G. Adkins with respect to one child of their marriage beyond
        the eighteenth birthday of that child. Defendant appealed. The
        Court of Appeals affirmed. 181 Mich App 81 (1989). Defendant
        moved for rehearing.
    The Court of Appeals on rehearing *held:*
    The decision of the Supreme Court in *Smith v Smith,* 433
        Mich 606 (1989), requires vacation of the trial court's award of
        postmajority child support.
    Reversed and remanded.

DIVORCE — CHILD SUPPORT — AGE OF MAJORITY.
    Child support payments may not be awarded with respect to a
        child who is beyond the age of majority, eighteen years (MCL
        552.17a, 722.51 *et seq.*; MSA 25.97[1], 25.244[51] *et seq.*).

*Richard J. Collins,* for defendant.

ON REHEARING

Before: MacKENZIE, P.J., and MARILYN KELLY
and T. M. BURNS,* JJ.

MacKENZIE, P.J. This case was submitted to this
panel previously on the sole issue of whether the
trial court erred in ordering the defendant father

* Former Court of Appeals judge, sitting on the Court of Appeals by
assignment.

REFERENCES

Am Jur 2d, Divorce and Separation § 1049.
See the Index to Annotations under Age; Custody and Support of
    Children.

to pay child support beyond the child's eighteenth birthday. Our majority opinion, decided November 6, 1989, *Adkins v Adkins,* 181 Mich App 81; 448 NW2d 741 (1989), affirmed the trial court's award of post-majority support. Judge T. M. BURNS dissented from that opinion.

Defendant's timely motion for rehearing based upon the Michigan Supreme Court's release on November 8, 1989, of *Smith v Smith,* 433 Mich 606; 447 NW2d 715 (1989), was granted.

In view of the holding of *Smith v Smith,* we are constrained on rehearing to vacate the trial court's award of postmajority child support dated August 30, 1988, and remand for proceedings consistent with *Smith, supra.*

Remanded. We retain no further jurisdiction.