NORDEN v NORDEN

Docket No. 107748. Submitted October 6, 1988, at Marquette. Decided December 20, 1988.

Elaine Norden obtained a divorce from Gilbert R. Norden in the Schoolcraft Circuit Court. Custody of the parties' minor children was awarded to plaintiff, and defendant was ordered to pay support for each child. One of the parties' children, Darryl S. Norden, was mentally retarded. The judgment of divorce expressly reserved the matter of postmajority support for Darryl for a decision by the court once the child attained the age of majority. Shortly before Darryl turned eighteen, plaintiff and defendant expressly stipulated to the continued payment by defendant of support for Darryl until Darryl receives benefits under the Supplemental Security Income program or other similar program, or is able to support himself, or defendant can no longer support him. After Darryl turned eighteen and began receiving benefits, plaintiff petitioned the circuit court for an order of postmajority support. Defendant responded with a motion for reimbursement of support paid after the benefits were received, contending that his support obligation ended once the benefits commenced. The circuit court, Charles H. Stark, J., denied plaintiff's petition, ruling that it lost jurisdiction to grant postmajority support when the parties entered into their stipulation and, even if it had not lost jurisdiction, plaintiff had failed to show exceptional circumstances warranting continued payment of support. The circuit court also denied defendant's motion. Plaintiff appealed.

The Court of Appeals *held:*

The circuit court's authority under MCL 552.17a; MSA 25.97(1) to order payment of postmajority support or to modify such support was not affected by the parties' stipulation. The circuit court therefore erred in ruling that it lacked jurisdiction to grant plaintiff's petition. However, the court correctly determined that plaintiff had failed to show exceptional circum-

REFERENCES

Am Jur 2d, Divorce and Separation §§ 1020—1022.

Postmajority disability as reviving parental duty to support child. 48 ALR4th 919.

stances warranting the continued payment of postmajority support in this case.

Affirmed.

DIVORCE — CHILD SUPPORT — POSTMAJORITY SUPPORT.

The authority of a circuit court to order the payment of child support beyond a child's attainment of the age of majority upon a showing of exceptional circumstances or to modify such support payments is not affected by a stipulation the divorced parties may enter regarding the question of postmajority child support (MCL 552.17a; MSA 25.97[1]).

*Davis, Olsen, Filoramo & Jarvi, P.C.* (by *John R. Filoramo*), for plaintiff.

*Moher & Cannello, P.C.* (by *Steven J. Cannello*), for defendant.

Before: GRIBBS, P.J., and CYNAR and J. T. KALLMAN,* JJ.

PER CURIAM. Plaintiff appeals as of right from the Schoolcraft Circuit Court's March 25, 1988, order denying plaintiff's motion for continued child support for a dependent child who had attained the age of majority.

Plaintiff and defendant were married on May 26, 1951. During their marriage, they had five children. The youngest of the children, Darryl S. Norden, born March 15, 1966, was diagnosed shortly after birth as being mentally retarded and also suffered from psychalytic vomiting. On January 12, 1972, plaintiff filed a complaint for divorce in Schoolcraft Circuit Court.

On April 3, 1973, a judgment of absolute divorce was entered in this case. Pursuant to the divorce judgment, plaintiff was granted custody of the minor children. Plaintiff was also awarded the parties' marital home and its furnishings, a car,

* Circuit judge, sitting on the Court of Appeals by assignment.

and a $45,000 cash settlement payable by defendant in yearly installments of not less than $4,500. Defendant was awarded all assets of the business known as "Norden's Foodland," a car, and other personal property.

Concerning defendant's obligation for the support of the minor children, the divorce judgment provided:

> IT IS FURTHER ORDERED AND ADJUDGED that the Defendant, Gilbert R. Norden, shall pay to the Friend of the Court for the support of the aforesaid minor children the full sum of $120 per month for each of said children, commencing with the entry hereof, and continuing from month to month thereafter, until each such child shall attain the age of eighteen years, or shall graduate from high school, whichever shall occur later; EXCEPT THAT at such time as Darryl S. Norden shall attain the age of eighteen years the parties hereto shall submit to the Court, for binding decision, the question of said child's ability to provide or assist in his own support, and, should the Court determine that said child is then unemployable and likely to remain unemployable, the Defendant shall pay such further support as the Court may then deem appropriate to the needs of said child and the financial condition of the Defendant.

On February 22, 1977, the circuit court entered an order requiring defendant to pay an additional $50 per month for the support of each minor child. On April 3, 1980, the circuit court ordered defendant to pay child support of $200 per month for the three remaining minor children. The April 3, 1980, order also required defendant to pay support of $250 per month for the youngest two minor children when the eldest of the three remaining minor children turned eighteen on July 17, 1980.

On March 14, 1984, plaintiff and defendant stipulated as follows:

On March 15, 1984, Darryl S. Norden will be 18 years old, and the Plaintiff, Elaine J. Norden, and Defendant, Gilbert R. Norden, have agreed that the defendant will continue to pay child support for Darryl S. Norden until he gets some financial help from ssi, or similar program, or he can support himself, or defendant can no longer support him. We have agreed on the amount of $250.00 a month.

On February 16, 1988, plaintiff petitioned for continued child support for Darryl who, presently at age twenty-two, has already reached the age of majority. Defendant responded to plaintiff's petition by asserting that his duty to pay support for Darryl ended when Darryl began receiving Supplemental Security Income benefits of about $384 per month sometime around October, 1987. Defendant also moved for reimbursement for the several months that he paid child support while Darryl was collecting ssi benefits.

At the March 11, 1988, hearing on plaintiff's petition, the circuit court ruled that, since the issue of continued support for Darryl beyond the age of majority had been reserved and addressed in a stipulation prior to Darryl's turning eighteen, it lacked jurisdiction to grant a modification even assuming that exceptional circumstances might continue. Alternatively, the circuit court found that, even if it had jurisdiction, plaintiff failed to carry her burden of showing additional exceptional circumstances sufficient to compel the court to grant additional support.

On March 25, 1988, the Schoolcraft Circuit Court entered an order denying plaintiff's motion for continued child support. Additionally, the circuit court's order also denied defendant's motion for recovery of overpaid child support.

On appeal, plaintiff argues that the trial court

erred in denying her petition for continued child support payments for the parties' adult son, Darryl Norden. Plaintiff maintains that, where the trial court has reserved jurisdiction over a child because of exceptional circumstances, the trial court has the authority to modify child support after the child reaches the age of majority.

MCL 552.17a; MSA 25.97(1), which defines the jurisdiction of the circuit court in awarding child support, provides:

> The court shall have jurisdiction in making such order or judgment relative to the minor children of such parties as authorized in this chapter to award custody of each child to 1 of the parties or a third person until each child has attained the age of 18 years and may require either parent to pay such allowance as may be deemed proper for the support of each child until each child shall have attained that age and may in case of exceptional circumstances, require payment of such allowance for any child after he attains that age. However, on application for modification of a judgment or order where applicant is in contempt, for cause shown, the court may waive the contempt and proceed to a hearing without prejudice to applicant's rights and render a determination on the merits.

In *Smith v Smith,* 163 Mich App 423, 426; 414 NW2d 906 (1987), lv gtd 430 Mich 890 (1988), a panel of this Court held that an award of postmajority child support is within the jurisdiction of the circuit court when a showing of exceptional circumstances has been made. Additionally, this Court noted that the "exceptional circumstances" showing must be made with respect to the circumstances as the child approaches the age of majority. *Smith, supra,* p 426, n 1.

Furthermore, we note that MCL 552.17a; MSA 25.97(1) and *Smith* do not expressly limit the circuit court's authority to modify postmajority

child support after the child has attained the age of majority where exceptional circumstances are shown.

In the present case, Darryl Norden is mentally retarded and has continued to suffer from significant health problems since his early childhood. Thus, exceptional circumstances for continued postmajority child support were shown before and after Darryl became eighteen years old. Accordingly, we find that the trial court had jurisdiction to modify or continue postmajority child support after Darryl's eighteenth birthday despite the fact that a stipulation regarding postmajority child support had already been reached. Therefore, we find that the trial court erred when it ruled that it did not have jurisdiction to modify postmajority child support in this case.

However, we agree with the trial court's alternative finding that plaintiff did not show any additional exceptional circumstances that would require additional or continued postmajority child support in this case. The record indicates that plaintiff initially received postmajority child support payments of $250 per month for Darryl. Then, sometime during 1987, plaintiff began to receive ssi benefits of $384 per month for Darryl. Darryl also receives medical care through health insurance provided by defendant and ssi. Moreover, at the March 11, 1988, hearing on plaintiff's petition for continued child support, plaintiff did not show any further exceptional circumstances that would require continued postmajority child support or modification of the parties' March 14, 1984, stipulation.

Therefore, under the circumstances of this case, we find that the trial court did not err in denying plaintiff's petition for continued postmajority child support.

Affirmed.